# WINDHAM COUNTY.

## FEBRUARY TERM, 1841.

PRESENT HON. STEPHEN ROYCE,
  "    ISAAC F. REDFIELD,   } *Assistant Justices.*
  "    MILO L. BENNETT,

## JAMES JOSLYN *v.* JOHN SMITH.

A mere naked agreement between the creditor and the principal debtor not to sue, will not release the surety. If the creditor put it out of his power to sue, by any contract with the principal debtor, made without the knowledge of the surety, the surety is thereby released.

Payments made by one of two or more joint contractors, will operate to take the case out of the operation of the statute of limitations, as to the other contractors.

ASSUMPSIT, on a promissory note, signed by Otis Haven and the defendant, executed more than six years previous to the commencement of this suit.

The defendant pleaded non assumpsit and the statute of limitations, and issues were joined to the country.

On the trial in the county court, it appeared, from the testimony, that the defendant signed the note as surety for Haven, and that payments of interest were made upon the note in 1831, 1832, 1835, and 1837, by Haven, which were indorsed upon the note by his directions. The defendant offered testimony tending to prove that the plaintiff had, by agreement with Haven, from time to time, postponed the payment of the note, without the knowledge or consent of the defendant; but no testimony was offered to show that there was any consideration for such agreement. The plaintiff objected to the testimony offered by the defendant and it was rejected.

The county court were requested by the defendant to charge the jury, that the payments by Haven which were in-

WINDHAM,
February,
1841.

Joslyn
v.
Smith.

dorsed upon the note, would *not* take the case out of the statute of limitations as to the defendant; but the court charged the jury that such payments *would* take the case out of the statute as to the defendant.

The jury returned a verdict for the plaintiff, and the defendant excepted to the decisions and charge of the county court.

*Kellogg & Keyes,* for defendant.

1. There was error in the decision of the county court, excluding the testimony offered to prove that the plaintiff, by an agreement with Haven, postposed the payment of said note, from time to time, without the knowledge or consent of the defendant. *Parker* v. *Paine,* 13 Johns. R. 174. *People* v. *Janson,* 7 Johns. 335.

2. The payments made by Haven, were, at most, but an admission of the indebtedness from which a new promise might be inferred; but this inference could only be applied to Haven, who made the payments.

It has repeatedly been ruled by courts of the highest distinction, that one co-partner, after the dissolution of the co-partnership, cannot, by admission or promise, take the case out of the statute as to his co-partner. *Hinckley* v. *Patrick,* 3 Johns. 536. *Walden* v. *Shelburne,* 15 Johns. 409, 424. *Bell* v. *Morrison,* 1 Peters' R. 366. 3 Kent's Com. 50, 3d edition. *Levy* v. *Cadet,* 17 Searg. & Rawl. *Hopkins* v. *Banks,* 7 Cowen, 650. *Baker* v. *Stackpole,* 9 Cowen, 420.

Co-partners, after a dissolution of the co-partnership, stand in the same relation to each other, and subject to the same liabilities, as it respects their company debts, that joint promissors do, and the same law should be applied to the one as to the other.

Nor does the fact that payments were made, from time to time, by Haven, so that at no one time was there a period of six years when no payment was made, vary the case. *Exeter Bank* v. *Sullivan,* 6 N. H. 124.

An admission of the debt is not sufficient to take the case out of the statute, unless there be coupled with it a promise, or that which is equivalent to a promise, to pay the debt. 6 N. H. R. *ut supra.*

*William C. Bradley*, for plaintiff.

Whatever may be the case with regard to mere verbal admissions, which are susceptible of various constructions, and therefore have led the courts to contradictory decisions upon the statute of limitations, or even with regard to payments, if neither made by the proper person nor clearly indicated to be made upon the demand in question, an actual payment, which the law presumes no man to make without a motive, has been considered by all good authority, when directly made upon a demand and by a person having authority to pay, to be such a clear and unequivocal admission of liability as to take the demand out of statute. *Whitcomb* v. *Whiting*, Doug. 652, Eng. ed. *Chippendale* v. *Thurston*, 4 Car. & Payne, 98, (19 E. C. L. R. 294.) *Clark Adr. of Chasty* v. *Hooper, et al.* 10 Bing. 480, (25 E. C. L. R. 207.) *Bealy* v. *Greensdale*, 10 Law Jour. 1831, cit. Chitty on Bills, 612, note u. *Wyatt* v. *Hodson, id. Hooper* v. *Stephens, et ux.* 4 Adol. & Ell. 71, (31 E. C. L. R. 29.) *Evans* v. *Davis, id.* 840, (*id.* 202.) *Mills* v. *Fawkes*, 5 Bing. 455, (35 E. C. L. R. 175.) *Strong* v. *McConnell*, 5 Vt. Rep. 338. *Abbott* v. *Keith*, 11 *id.* 529.

A payment made by one, having a joint interest and equally holden, whether principal or surety, has the same effect as a payment made by all, and is an admission which takes the demand out of the statute as to all; each one, as to this purpose, being considered the agent of the others, and all having the benefit of the payment, ought to bear the burden. *Jackson* v. *Fairbank*, 2 H. Bl. 340. *Burleigh* v. *Stott*, 8 B. & C. 36, (25 E. C. L. R. 152.) *Pease, et al.* v. *Hirst, et al.* 10 B. & C. 122, (21 E. C. L. R. 39.) *Rew* v. *Pettee, et al.* 1 Adol. & Ell. 196, (28 E. C. L. R. 66.)

This doctrine is necessary to preserve the symmetry of the law, (which ought not to be departed from but from necessity or by statute,) for the admission of those jointly concerned is binding even in trespass, conspiracy and treason. See opinion of Ch. J. Best, in *Perham* v. *Reynal, et al.* 2 Bing. 306, (9 E. C. L. R. 412,) and Gow on Partnership, 64, 195.

An agreement to postpone, without the knowledge or consent of the surety, if made without consideration, is not of itself a release of the surety, but is a mere *nudum pactum.*

*Ripley* v. *Greenleaf*, 2 Vt. R. 134. *Hogaboom* v. *Herrick*, 4 *id.* 135. Chitty on Bills, ed. 1836, p. 442, 816, and authorities there cited. And if it were otherwise, the defendant having signed as principal, ought not to be admitted here to avail himself of any privilege which he might have as surety. *Price* v. *Edmund*, 10 B. & C. 578, (21 E. C. L. R. 136.) And see *Claremont Bank* v. *Wood*, 10 Vt. R. 582.

The opinion of the court was delivered by

REDFIELD J.—The defendant signed this note as surety for one Otis Haven. There was testimony offered by the defendant to show that the plaintiff, by agreement with Haven, had from time to time delayed the collection of the note, without the knowledge of this defendant; but no testimony that such agreement was upon any consideration, or that Haven's circumstances had in the mean time become changed, or his responsibility lessened.

We think this testimony was properly rejected by the court. Doubtless such agreement, made upon sufficient consideration, by which the creditor, without the knowledge of the surety, puts it out of his power to collect the debt, will release the surety. It changes his obligation. It puts it out of his power to compel a suit, even in equity. *Hogaboom* v. *Herrick*, 4 Vt. R. 137. *King* v. *Baldwin*, 2 Johns. Ch. R. 554. Any contract or agreement made between the creditor and principal debtor, for delay of payment, which for any cause is void, will not have the effect to release the surety.

There may be cases, where, by a naked agreement among all the parties, the creditor agrees to look solely to the principal, and the surety is thus induced to lie by until the principal becomes insolvent, where the surety will be released at law. But that is not the present case.

We are next called upon to decide whether the acts or admissions of one of two or more joint contractors are competent evidence to go to the jury, to remove the bar of the statute of limitations. That is most undoubtedly the result of the English cases up to the date of Lord Tenterden's act, requiring all such admissions to be in writing. *Whitcomb* v. *Whiting*, Doug. 652. *Jackson* v. *Fairbanks*, 2 H. Bl. 340. There

are many American cases of high authority, which seem not wholly reconcilable with this principle. *Bell* v. *Morrison*, 1 Peters, 351, is a very elaborate one, but resting mainly, as it should, upon the settled law of Kentucky, where the case originated. Any case decided in the United States supreme court, upon common law principles, can only be considered authority to show what the common law is, as it exists in the curcuit or state where the case originated. By statute that court are required so to expound the law. They cannot go beyond the law of the state where the case originated. Hence their adjudications can be considered of little more force, in expounding the common law, than those of the several state courts. The case of *The Exeter Bank* v. *Sullivan*, 6 N. H. R. 124, is much relied upon by the counsel for defendant. Ch. J. Richardson, in delivering the opinion of the court in that case, relies upon a distinction which is of little force under our decisions upon that subject. He says, " The admission of one may prove there is a just debt which has not been paid," but it has no tendency to show that the other signer " is *willing* to pay it." This is, surely, a very nice distinction. But, by our law, there is no necessity of any positive evidence of willingness to pay. If the debt is recognized as a just debt, and not paid, the law presumes willingness to pay, unless there is some protestation to the contrary. *Olcott* v. *Scales*, 4 Vt. R. 172. *Barlow* v. *Bellomy*, 7 Vt. R. 54. When, too, we are inquiring what is the common law of England, it is undeniable that the decisions of the courts of Westminster Hall are of much higher authority than those of any single state court. They are upon the ground, *ad fontes legum*, with aids at hand, which no American court can possess. It is, however, but truth to say that very many of the American cases are better considered, and more elaborately argued, both by bench and bar, than most of the recent English cases.

Upon this subject, too, a plentiful number of the American cases, of the highest authority, coincide fully, upon this subject, with the cases first cited from the English Reports.— *Bound & Sampson* v. *Lathrop*, 4 Conn. 336. *Smith* v. *Ludlow*, 6 Johns. R. 267. In the latter case the admission was held sufficient, although made by one of the partners after the dissolution of the partnership, by way of stating an ac-

WINDHAM,
*February,*
1841.

count, which, for general purposes, he could not then do in the name of the firm. The same rule obtains in Maine, Massachusetts, and Maryland.   7 Greenleaf, 26.  5 Harris & Gill, 60.  11 Pick. 400.

Upon principle, too, we think the admission of one joint contractor is competent evidence to go the jury upon this subject. The statute of limitations, like any other defence, may be met and obviated by testimony. If the defence relied upon were payment, evidenced by a receipt for money, or if it were a release, either of the defences might be counteracted by showing the admissions of either of the joint contractors. There is no good reason why the same rule should not extend to this case. The act of each joint contractor is the act of all, on the ground of presumptive agency. It is true this agency may be expressly repudiated. So admissions made by one may be shown to have been merely collusive, or in bad faith, but these are questions to the jury. In the present case, there is no pretence that this defendant did not fully acquiesce in all the acts of Haven in making these payments. Shall he now be permitted to disown them? We think not. If bound by them, and binding the plaintiff by them at the time they were made, and having lulled him into security thereby, he must be bound by them perpetually.

Judgment affirmed.