WHEELOCK, SON & CO. *v.* M. J. DOOLITTLE, WILLIAM MANN, SAMUEL RIDLEY, JR., BENJAMIN BISHOP, EBENEZER W. CORSE, RODERICK PHILIPS AND HORACE ATKINS.

An acknowledgement, made by one of several joint contractors, or partners, is sufficient to remove the presumptive bar, arising from the statute of limitations, as to all, whether made before or after dissolution, and whether before or after the statute has run upon the demand.

*Quære,* Whether the provisions of chapter fifty eight of the Revised Statutes, in this respect, apply to an acknowledgement, by one of several joint contractors, of a debt which accrued prior to July 1, 1840, when the Revised Statutes came in force.[*]

---

[*]By chapter 58, sec. 23, of the Revised Statutes, it is enacted, that, "If there are two or more joint contractors, or joint executors or administrators of any contractor, no such joint contractor, executor, or administrator, shall lose the benefit of the provisions of this chapter, so as to be chargeable by reason *only* of any acknowledgement, or promise, made or signed by any other, or others, of them." And by section 27 the same provision is extended to the case of *payments*, made by one of several joint contractors.

INDEBITATUS ASSUMPSIT for goods sold and delivered. The defendant Mann was dismissed from the case, without costs, upon his plea of a discharge in bankruptcy. The other defendants pleaded the general issue and the statute of limitations; but the only question made in the case was in reference to the latter plea, to which the plaintiffs replied a new promise. Trial by jury,—REDFIELD, J., presiding.

On trial the plaintiffs gave in evidence a written contract for a stage coach and sleigh, to recover for making which this action was brought, which contract was signed by the defendants, and gave evidence tending to prove, that the defendant Doolittle had, within six years before this action was commenced, and once as late as the year 1843, admitted that the plaintiffs' claim was a just claim, that it was for him to pay the claim, that something was due and he was willing to pay it, whenever the amount could be ascertained. It was admitted, that payments were made upon the claim by the defendants in the year 1834.

The court charged the jury, that, if the defendant Doolittle had, within six years before the commencement of the action, admitted the balance claimed by the plaintiffs in this action and now proved to be due to them, this would be sufficient to take the case out of the operation of the statute of limitations, as to the other defendants, as well as to himself, even if, before that admission was made, the debt had become barred by the statute.'

Verdict for plaintiffs. Exceptions by defendants.

*J. A. Vail* for defendants.

The admission, proved to have been made by the defendant Doolittle, was made long after the dissolution of the co-partnership between the defendants, and after the plaintiffs' claim was barred by the statute of limitations. The debt, if barred by the statute, could not be revived against the other defendants, without their consent. *Bell* v. *Morrison*, 1 Pet. R. 360, 371. *Exeter Bank* v. *Sullivan*, 6 N. H. 124. *Sigourney* v. *Drury*, 14 Pick. 387. *Coit* v. *Tracy*, 8 Conn. 268. *Atkins* v. *Tredgold*, 9 E. C. L. 12. In the case of *Joslyn* v. *Smith*, 13 Vt. 353, the debt was not barred by the statute, at the time the new promise was made.

56

Wheelock et al. *v.* Doolittle et al.

*L. B. Peck* for plaintiffs.

The statute bar was removed by the promise of Doolittle. *Joslyn v. Smith,* 13 Vt. 353. *Goddard* v. *Ingram,* 43 E. C. L. 999. *Patterson* v. *Choate,* 7 Wend. 441.

The opinion of the court was delivered by

WILLIAMS, Ch. J. It cannot be necessary, that we should periodically review the decisions made in different states on the subject of the statute of limitations. There may have been some inconsistencies in the early decisions, in admitting too slight evidence to take a debt out of the operation of the statute; and there have been some inconsistencies, as manifest, in endeavoring to restrict those decisions. The rule, which we have established, is this,—there must be an acknowledgment of a subsisting debt and a willingness to pay it, or at least no avowed determination to the contrary. Part payment is such an acknowledgment, if no claim is made at the time, that the payment, is intended to be in full.

With respect to joint contractors, or partners, it has been established, that an acknowledgment made by one is sufficient to remove the statute bar, and operates against all, whether the acknowledgment was made before or after the dissolution. In such joint contracts there is a community of interest, and a strong presumption, that a party would not make such an admission against his interest, for the purpose of charging his joint contractor as well as himself. The authorities have made no distinction, either in the case of a sole or a joint debtor, whether the promise, or acknowledgment, was before or after the statute had run.* The debt is none the less morally and justly due, whether a longer or shorter time has elapsed, since it was contracted. In *Goddard* v. *Ingram,* 43 E. C. L. 999,

---

*This remark is undoubtedly true in this case; and probably in this state, where all that is required is an unqualified acknowledgment of the debt and an express or implied *willingness to remain liable for it,* it can never be important to inquire, whether the acknowledgment was made before or after the statute had run upon the debt. But in England, where, even before the statute 9 Geo. 4, c. 14, an *express* promise was required, to remove the statute bar, (*A'Court* v. *Cross,* 3 Bing. 329; *Tanner* v. *Smart,* 6 B. & C. 603; *Gould* v. *Shirley,* 2 M. & P. 581; *Hayden* v. *Williams,* 7 Bing. 163,) and where, if a condition is annexed to the promise, the proof must bring the case within

a debt was revived against partners by a payment in part, made by one of the firm, in fraud of the others, after the dissolution of the co-partnership, and after the debt was barred by the statute. In *Patterson* v. *Choate*, 7 Wend. 441, an admission by one partner, made twelve years after the dissolution of the co-partnership, was held sufficient to revive a debt otherwise barred by statute. The effect of an admission by a joint contractor was considered and decided in the case of *Joslyn* v. *Smith*, 13 Vt. 353; and, indeed, that case must be considered as deciding the principle, on which this case rests.

If the principle is admitted, as it must be, that a sole debtor may revive a debt by an acknowledgment, made as well before as after the statute has run, and that one joint contractor, or partner, after the dissolution of a co-partnership, may revive a debt against his joint contractors, or partners, it seems to follow, that it can make no difference in the latter case, any more than in the former, whether it was made before or after the statute had run on the demand.

There is a question, which might have arisen in this case, but which we presume the evidence did not warrant the parties in bringing to the notice of the court,—that is, the effect of an admission of one joint contractor, made subsequent to July, 1840, when the Revised Statutes took effect, though in reference to a debt contracted before,—whether such a case is excepted from the operation of the statute, because the debt was contracted before, or whether, in every case where the admission was made after the statute came in force, the promise, or acknowledgment, of a joint contractor should affect himself only. This question has not been raised and is not decided.

The judgment of the county court is affirmed.

---

the condition, or the promise will be inoperative, (*Scales* v. *Jacob*, 3 Bing. 638; *Tanner* v. *Smart*, 6 B. & C. 603; *Hayden* v. *Williams*, 7 Bing. 163,) it has been strongly intimated, that slighter admissions, made previous to the running of the statute, would be sufficient to prevent its operation, and that even an acknowledgment, made at such a time, might suffice. BURROUGH, J., and PARK, J., in *Scales* v. *Jacob*, 3 Bing. 638, [13 E. C. L. 88-91.] LD. DENMAN, Ch. J., in *Gardner* v. *McMahon*, 3 Ad. & El., N. S., 566, [43 E. C. L. 870.]