EPHRAIM MILLS *v.* ARCHIBALD W. HYDE.

Where a note, signed by three as joint principals, has been renewed from time to time and paid in part, and then renewed for the balance by the note of two of the signers, the fact, that the note first given and the renewed notes were left in possession of one of the two, furnishes no presumptive evidence that the amount paid upon the notes was paid by him. After a number of years have been suffered to elapse without claim, the presumption would rather be, that the matter was adjusted between the parties at the time.

One of two joint contractors, having paid the whole debt, may sustain his action for contribution against his co-contractor, notwithstanding the statute of limitations had run upon the claim at the time the payment was made.

Where one of several joint contractors pays the whole debt, he may, in an action at law against a co-contractor for contribution, prove the insolvency of any of the other joint contractors, and recover an aliquot part of the whole debt, having regard only to the number of solvent contractors.

*Mills v. Hyde.*

In this case both parties having taken exceptions, and the judgment of the court below having been affirmed, no costs of this court were allowed to either party.

INDEBITATUS ASSUMPSIT for money paid. Pleas, the general issue and the statute of limitations, and trial by the court. September Term, 1845,—BENNETT, J., presiding.

On trial it appeared that the plaintiff and defendant and one Moore, on the twenty eighth day of November, 1833, executed a promissory note to the Branch Bank of the United States, at Burlington, for one hundred dollars, payable in sixty days; upon the face of which they appeared as co-principals. This note was renewed from time to time, until the twenty fourth day of September, 1835, when the plaintiff and defendant executed their own note to the bank for seventy six dollars and thirteen cents,—the balance having been paid. The original note and all the renewed notes were in the hands of the plaintiff, and were produced by him upon the trial. There was no evidence to prove who made the payment reducing the original note to $76,13, other than what might arise from the fact that the plaintiff had all the notes in his possession. Moore was insolvent at the time this action was commenced, and had been so for several years. On the sixteenth day of January, 1843, the plaintiff paid to the assignee of the bank the amount due upon the note executed September 24, 1835. This was more than six years after the date of the note, and there was no evidence to show that it had been taken out of the operation of the statute of limitations.

Upon this evidence the county court decided that the plaintiff was entitled to recover one half of the amount paid by him upon the last note, and interest from the time of payment. Exceptions by both parties.

*Asahel Peck* for defendant.

1. At the time the last note was paid by the plaintiff, the statute of limitations was a perfect legal protection to both parties, and each had a right to judge whether he would avail himself of this defence. It was not competent for the plaintiff to waive this defence, by payment of the debt, and thereby create a new duty, or impose a new legal obligation upon the defendant. Chit. on Cont. 592, n. *Randolph v. Randolph,* 3 Randolph 490. *Skillin v. Merrill,* 16 Mass.

Mills *v.* Hyde.

40. *Dawes* v. *Shed et al.*, 15 Mass. 6. *Wright* v. *Butler*, 6 Wend. 284.

2. If the plaintiff is entitled to recover, the recovery ought to be limited to one third of the amount of the last note, there being no evidence who made the prior payment. As the case is stated, it must be taken that the three were co-principals; and at law contribution is apportioned according to the number and character of the parties, whether principals, or sureties, regardless of their solvency, or insolvency. *Browne* v. *Lee*, 6 B. & C. 689, [13 E. C. L. 294.] *Cowell* v. *Edwards*, 2 B. & P. 268. 1 Steph. N. P. 319. It can make no difference, that the last note was signed by Mills and Hyde only. It was a mere substitute for the former note; and, as between themselves, it still remained the duty of Moore to pay one third, equally as if he had signed it.

*C. Adams* for plaintiff.

1. The debt to the bank was the joint debt of the plaintiff and defendant; and, as between themselves, each was bound to pay one half. The payment by one of his half, or of any portion less than half, created no right of action against the other. If this be correct, the payment by the plaintiff, on the 24th of September, 1835, of the balance of the original note, above $76,13, gave him no claim against the defendant. But it had this effect, that, as to *so much*, contained in the $76,13 note, the defendant stood as principal and the plaintiff his surety, and they were jointly holden for the balance.

2. The statute of limitations is no bar to the plaintiff's claim for paying the last note. Although he might have pleaded the statute to the claim of the bank, he was not obliged to do so; and having paid the debt, his claim is good against the defendant therefor. *Mauri* v. *Heffernan*, 13 Johns. 58.

The opinion of the court was delivered by

HALL, J. It is claimed in behalf of the plaintiff, that his possession of the old notes of Moore, Mills and Hyde is presumptive evidence, in the absence of all other proof, of the payment by him of part of the original debt previous to September 24th, 1835, and that the fact ought to have been so found. We are satisfied the judgment is right in this respect. If the notes were not destroyed at the time

they were taken up, they must necessarily have passed into the hands of some one, and it is not seen why the possession of them by the plaintiff is not as consistent with the supposition that the payment was made jointly by the plaintiff and defendant, as with the idea that it was made solely by the plaintiff. After such a lapse of time, without any claim by the plaintiff, the presumption would rather seem to be, that the matter was made right between the parties at the time. But if the payment had been proved, it is at best doubtful, whether the statute of limitations, which is pleaded in this case, would not have been a bar to any recovery for it. *Davies* v. *Humphreys*, 6 Mees. & Welsb. 152.

On the part of the defendant it is insisted, that more than six years having elapsed after the note, given by the plaintiff and defendant in 1835, became due, before its payment by the plaintiff in 1843, the statute of limitations had become a bar to its recovery by the bank; and that therefore the payment of the note by the plaintiff is to be deemed voluntary, without any implied request by the defendant.

It is doubtless true, that, in order to entitle a party to contribution in cases of this description, the payment must have been made upon a contract for which the defendant remained liable. Was the payment so made in this case? It was held in *Joslyn* v. *Smith*, 13 Vt. 353, that successive payments made on a note by the principal, after the money became due, there not having been six years between any two of the payments, revived the debt against the surety for six years from the last payment. And at the last term of this court in Washington county [*Wheelock et al.* v. *Doolittle et al.*, 18 Vt. 440,] it was held, that, a new promise, made by one joint debtor after the lapse of six years, renewed the debt against both. These cases proceed upon the ground of a presumptive agency in one joint contractor to bind the whole; so that the act of one, in this respect, is the act of all.

As an acknowledgment of the existence of the debt to the bank, made by the plaintiff in 1843, would have rendered the defendant liable, the consequence seems necessarily to follow, that the plaintiff might pay the note and call on the defendant for contribution. In the former case the act of the plaintiff would render the defendant liable for the whole debt; while in the latter his liability would

be only for a part; and where one joint contractor verifies his sense of the justice of a claim by actual payment, relying only on his remedy for contribution, there is certainly much less danger of fraud upon the co-contractor, than where he merely acknowledges a liability, which might not ever be enforced against him. We therefore think that the payment made by the plaintiff in 1843 was upon a valid debt, and that he is entitled to contribution.

It is farther insisted, on the part of the defendant, that, as the debt was originally the joint debt of three, the plaintiff was only entitled to recover *one third* of the sum paid, instead of *one half*.

If the giving of the new note by the two, in 1835, be considered as a payment of the original debt, as against Moore,—and the case of *Lapham* v. *Barnes*, 2 Vt. 213, seems to favor this view,—then the payment by the plaintiff may well be treated as having been made on the joint liability of the two; in which case the plaintiff should undoubtedly recover a moiety.

But we are satisfied, that the insolvency of Moore ought to entitle the plaintiff to a moiety of the sum paid, admitting Moore to have been a co-contractor with the other two. It is conceded to be the settled rule in chancery, to decree contribution equally among all the solvent contractors, excluding from the computation the share of any co-contractor who is insolvent. *Peter* v. *Rich*, 1 Ch. R. 34. *Deering* v. *Earl of Winchelsea*, 2 B. & P. 270. 1 Story Eq., sec. 496. But in *Cowell* v. *Edwards*, 2 B. & P. 268, it was said by the court, that, *at law*, a co-surety could only recover an aliquot part of the whole sum paid, having regard to the number of the sureties; though it was admitted, that, if the insolvency of any of the other sureties were made out, a larger proportion might be recovered in a court of equity. It may be observed, that the question now under consideration did not arise in that case. There were there six sureties, and the plaintiff having obtained a verdict against one of them for a sixth part of the sum paid, the defendant moved to set it aside, and insisted that an action at law for a contribution between co-sureties did not lie, at least until the insolvency of the other contractors was shown. The counsel for the plaintiff, in arguing against this motion, was stopped by the court; and then the intimation above stated was given. So that, in reality, nothing was decided, but that an action for contribution in such case might be sus-

tained, without proving the insolvency of the principals. The intimation of the court has, however, been cited as law by some of the elementary writers; and the point was afterwards (in 1828) decided in *Browne* v. *Lee*, 6 B. & C. 689. But in neither of these cases is any reason given, why the recovery should be different at law, from what it is in chancery; and the reason is certainly not very apparent.

In *Cowell* v. *Edwards* Lord Eldon intimated a doubt, whether, where there are more than two solvent sureties, the action ought to be maintained at law, because of the complicated character of the transaction and of the multiplicity of suits it might occasion. There is something tangible in this intimation; and if it had been acted upon, it would not have been without some strong show of reason. But when this difficulty is overcome, and one of any number of co-sureties is allowed to recover at law, it is not easily seen why he should be entitled to a less sum than in a court of equity. There is nothing in the fact, proposed to be shown to increase the amount of the recovery, that seems unfit for the consideration of a court of law. The fact of the insolvency of a co-contractor may as well be inquired of by a jury, as by a chancellor, and, indeed, is a fact which appears peculiarly suitable for the determination of a jury.

It is not found, that this question has been directly decided in this country, except in New Hampshire; where it is held, that the insolvency of one of three sureties may be shown at law, and that in such case one, who has paid the whole debt, may recover a moiety of the other solvent surety. *Henderson* v. *McDuffee*, 5 N. H. 38. This decision is, however, rested principally on the fact, that there is no court of chancery in that state.

The liability of co-sureties and joint contractors to each other is said not to be founded on contract, but to be the result of the fixed principle of justice, that those, who have a common interest and benefit, ought to share in the common burden; *Deering* v. *Earl of Winchelsea*, 2 B. & P. 270; *Fletcher* v. *Grover*, 11 N. H. 368; and it is on the ground of an equitable obligation to pay money, that the law raises an implied promise of contribution. The equitable obligation to share in the loss occasioned by the inability of one co-surety to contribute is just as strong, as that which arises on the failure of the principal to pay; and the promise may as well be implied in the one case, as the other.

There is something very nearly bordering on absurdity in saying to a joint contractor, who has removed the common burden, that he may have his remedy either in a court of equity, or a court of law, but that, if he sues in chancery, he may recover his whole claim, whereas, if he bring his suit at law, he shall recover only a part. The action for money paid is an equitable action; and when a plaintiff has paid money for the benefit of a defendant, he ought not unnecessarily to be driven out of a court of law. We see no objection to administering the same justice in this case, that we would if sitting as chancellors. The plaintiff having paid the share of Moore, who is hopelessly insolvent, the defendant ought to bear with him the burden thus imposed upon him.

The judgment of the county court is therefore affirmed; but without costs of this court to either party,—both parties having excepted, and the exceptions of neither having prevailed.