## JAMES S. PHELPS v. ABRAHAM WILLIAMSON.

*Statute of limitations. New promise.*

Where the defendant, speaking of his liabilities, said in relation to the note in question, " that he had signed the same with his son, and that in the end he thought he should have it to pay," *it was held,* that this was an unqualified acknowledgment that the note was signed by him; that it was still unpaid; and that his liability was then subsisting; and that this acknowledgment took the case out of the statute of limitations.

And the defendant saying at the time, " that enough had been paid to pay the debt, if it had been paid when it should have been;" does not vary the case, or take it out of the rule, which has been recognized by the decisions in this state, on this subject.

ASSUMPSIT on a promissory note, executed August 14, 1840, by one Samuel.B. Williamson as principal, and by the defendant as surety.

Plea, the general issue and the statute of limitations, issue joined, and trial by the court June Term, 1853, PIERPOINT, J., presiding.

On the trial the plaintiff offered in evidence the note declared on, with the endorsements thereon. The plaintiff also offered, as a witness, one Wright, who testified in substance, that some four years previous, the defendant, in speaking of his liabilities, spoke of the note in suit, with other notes, and said that "he had signed with his son, and in the end he thought he should have this to pay," and added, " that there had been enough paid to pay the debt, if it had been paid when it should have been," or " in the first place."

The witness testified, that he gathered from what defendant said, that the payments had been made by Samuel B. Williamson, and not by the defendant.

The sum for which the note was originally given, considerably exceeded the amount of the endorsements.

The defendant claimed that the evidence was not sufficient to take the case out of the statute of limitations; and that if sufficient, not to the extent of the amount apparently due on the note, deducting the endorsements.

The court decided that the evidence was sufficient to take the case out of the statute of limitations, and rendered judgment for

the plaintiff to recover the full amount of the note, deducting the endorsements.

Exceptions by defendant.

*J. A. Beckwith* for defendant.

1. To remove the statute bar, there must be an acknowledgment of the debt as still due, with an apparent willingness to remain liable for it, or at least, no avowed intention to the contrary.

Neither of these conditions occur in this case. The admission is, " that he had signed with his son, and in the end he thought he should have this to pay." This does not admit a valid subsisting debt *then due,* and the most which can be made from it, is, that at some time he had contracted an obligation which ultimately might be enforced against him.

The expression "that in the end he thought he should have it to pay," so far from conveying an idea of a " willingness," directly suggests an apprehension or fear that he might be compelled to pay it.

2. At all events, it cannot be claimed seriously, that the defendant should be held to an extent greater than his admission. Suppose he had said " half the debt is still due, and I am willing to pay half," would such an admission remove the bar as to the whole debt? So here the declaration of the defendant was coupled with a statement that " enough had been paid to pay the debt, if paid when it should have been." Can he be held beyond the face of the debt?

3. Payments made by the co-contractor are of course under our laws no evidence to charge the defendant in this case. Comp. Stat. 381 § 26.

*J. W. Stewart* and *E. J. Phelps* for plaintiff.

1. It is a settled principle in the jurisprudence of this state, that an unqualified acknowledgment that a debt is due, takes it out of the statute of limitations.

The admission by the defendant, that he jointly with his son, executed the note; his regarding and acknowledging it as one among his then subsisting liabilities, and his avowed expectancy that in the end he would have it to pay, amounts to a sufficient acknowledgment, to remove the statute bar and revive the note.

*Gailer* v. *Grinnell*, 2 Aik. 349. *Olcott* v. *Scales*, 3 Vt. 173. *Barlow* v. *Bellamy*, 7 Vt. 54. *Phelps* v. *Stewart et al.*, 12 Vt. 256. *Joslyn* v. *Smith*, 13 Vt. 353.

2. A payment made by one of several joint contractors, when recognized and treated as such by the others, is the same in legal effect, as though made by all, and would operate to take the demand out of the statute as to all; such recognition is a virtual *adoption by all*, of a payment made by one.

The opinion of the court was delivered by

ISHAM, J. The judgment of the County Court, in this case, must be affirmed. The fact is distinctly found in the case, that within six years from the commencement of this action, the defendant while speaking of his liabilities, observed in relation to this particular note, "that he had signed the same with his son, and that in the end he thought he should have it to pay." This was an unqualified acknowledgment that the note was signed by him; that it was still unpaid; and that his liability was then subsisting. The declaration was unaccompanied by any statement that the debt was unjust, or that there existed any matter upon which he relied as a defence, to protect him from the payment of the note. These circumstances bring the case within the rule, which has been recognized by the various cases decided in this state, that where there is an acknowledgment that the debt is still subsisting, and unpaid, unaccompanied by any denial of the justness of the debt, or of his liability to pay it, the law will raise an implied promise to pay the debt, which will be sufficient to prevent the operation of the statute. This was the rule given by ROYCE, late *Chief Justice*, in the case of *Phelps* v. *Stewart et al.*, 12 Vt. 256, in which he says, "that it is settled law in this state that an unqualified acknowledgment of the debt as unpaid and still subsisting, is evidence from which a new promise to pay is to be inferred." In *Joslyn* v. *Smith*, 13 Vt. 357, the court remarked "that there is no necessity of any positive evidence of willingness to pay." If the debt is recognized as a just debt and not paid, the law presumes willingness to pay, unless there is some protestation to the contrary. *Carruth* v. *Paige*, 22 Vt. 180.

The application of this principle to this case is not affected by the statement, "that enough had been paid to pay the debt, if it

had been paid when it should have been." This is not a denial of his liability on the note, or the expression of an unwillingness to pay it; on the contrary, the expression contains the implication that something was due on the note at that time, as the payments were not made in season to prevent the accumulation of the debt to a greater amount, than the payments made.

In the case of *Williams* v. *Finney*, 16 Vt. 298, the defendant stated that he would call and settle with the plaintiff, but that there was not much due him. This was held sufficient to revive the debt, and charge him for whatever balance was found due on the claim. It does not appear from the case, that any pretence was made, but that all the payments which were made on the note, were duly applied and endorsed. With this fact existing in the case, when the defendant acknowledged the execution of the note, and a subsisting liability to pay it, it was a recognition of a balance due thereon, as then existing; and whatever that balance may be, it is removed from the operation of the statute. This renders it unnecessary to pass upon the effect of the payments made and endorsed on the note; or upon the question, whether a subsequent recognition of those endorsements, by another joint contractor, will be sufficient under the statute, to revive the debt against him; as the operation of the statute in this case is removed by the personal acknowledgment of the defendant.

Judgment affirmed.