### Jonathan Cary *vs.* Pitt Holmes & others.

In a suit in equity on the Rev. Sts. c. 38, § 32, by a stockholder of a manufacturing corporation who has paid a debt of the corporation, for which the stockholders are liable, to compel contribution by the other stockholders, the amount of the liability of each stockholder is to be determined by an apportionment of the debt among the shares held by solvent stockholders within the jurisdiction of the court.

Bill in equity, alleging that the plaintiff as a stockholder in a manufacturing corporation, the stockholders of which were individually liable for its debts, had paid a debt due from the corporation; that the defendants were the only solvent stockholders of the corporation within the jurisdiction of the court, although there were other stockholders, some of whom were insolvent and the rest not within the jurisdiction; and that the defendants were liable to contribute and pay to the plaintiff toward the amount paid by him, in such proportion as the number of shares held by them and him bore to the debt paid by him.

The defendants demurred, upon the ground that they were liable to contribute only such sums as would be their propor-

tion, upon apportioning the amount, paid by the plaintiff, *pro rata* as to shares among all the stockholders of the corporation.

*F. H. Dewey & H. Williams*, for the defendants.

*J. W. Wetherell*, for the plaintiff.

CHAPMAN, J. It is held by the courts of common law in England that when one surety pays the whole debt, he may have an action against each of his co-sureties for his aliquot part of the debt, without regard to the insolvency of any of his co-sureties; and that this is the limitation of the liability of the co-sureties. *Cowell* v. *Edwards*, 2 Bos. & Pul. 268. *Browne* v. *Lee*, 6 B. & C. 689. *Batard* v. *Hawes*, 2 El. & Bl. 287. And the same doctrine is held in this state. *Brigden* v. *Cheever*, 10 Mass. 454. *Wood* v. *Leland*, 22 Pick. 503.

But in all these cases the judges admit that in chancery the doctrine is otherwise. It has been held there, from very early times, that where there are several co-sureties, and one of them pays the whole debt, his claim for contribution for the whole debt shall be against those of his co-sureties who are solvent. This is regarded as more just and reasonable than to compel him to look to his insolvent associates for their proportion of the debt. *Peter* v. *Rich*, 1 Rep. in Ch. 34. 1 Eq. Cas. Ab. 114. 1 Story Eq. Jur. § 496. In Connecticut, the courts, having chancery jurisdiction, have adopted this doctrine. *Hyde* v. *Tracy*, 2 Day, 491. In Vermont, it is held by the courts of common law. *Mills* v. *Hyde*, 19 Verm. 59. So in New Hampshire. *Henderson* v. *McDuffee*, 5 N. H. 38. It is adopted because it is said to be founded in natural equity, and because there is no court of chancery in that state. And the removal of some of the sureties from the state is held to have the same effect as if they were insolvent. *Boardman* v. *Paige*, 11 N. H. 431.

In this state, when the Rev. Sts. *c.* 70, § 16, gave a remedy for contribution between heirs, devisees, &c. by bill in equity, the court adopted the chancery doctrine; and now that the court has full equity jurisdiction, there is no reason why it should not be adopted in all suits in equity. In the case last cited, the court say: " In a suit at law, the creditor could only recover against each his aliquot part, without regard to the fact

whether others were insolvent, or beyond the reach of process, or not. But it is clear that the legislature intended a broader and larger and more direct remedy for the creditor, throwing the risk of the absence or insolvency of some upon those who were liable; and this could be done only according to the course of proceedings in equity, where the facts of absence or insolvency can be ascertained, and the liability of the other parties established and apportioned." 22 Pick. 506.

The limited methods to which courts of law are confined in the ascertainment of facts and in the adaptation of remedies to the circumstances of such case may be regarded as a just ground for the distinction which they have established. But were it not for this difficulty, they might well have adopted the chancery doctrine; for whether the right to contribution be regarded as founded in natural equity or implied contract, it may be so extended as to make sureties mutually liable for the solvency of co-sureties as well as for the solvency of the principal.

In this case, the parties are members of a corporation, who are personally liable for its debts, under the Rev. Sts. c. 38, § 16, and the plaintiff alleges that he has been compelled to pay the debt for which he seeks contribution. The remedy given by the thirty-second section of that chapter against the other stockholders is by bill in equity; and the recovery must have been intended to be according to the established doctrine in equity.

It is admitted by the demurrer that the suit is against all the stockholders who are solvent and within the jurisdiction of the court. The demurrer must therefore be overruled.

*Demurrer overruled.*