CHARLES S. NORTON *vs.* HENRY SHEPARD.

| 48  141|
| 73  346|

A debtor, whose debt was barred by the statute of limitations, said to his creditor with regard to it—"I will pay it as soon as possible " Held to be a sufficient acknowledgment of the debt to take it out of the statute.

As a general rule any language of the debtor to the creditor clearly admitting the debt and showing an intention to pay it, will be considered an implied promise to pay and will take the case out of the statute.

ASSUMPSIT for goods sold; brought to the District Court of Litchfield County. The defendant pleaded the general issue with notice of the statute of limitations, and the case was tried to the court before *Fyler, J.* The facts were found and

judgment rendered for the defendant, and the plaintiff brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

*H. B. Graves* and *F. E. Cleaveland,* for the plaintiff.

*S. B. Horne,* for the defendant.

LOOMIS, J. Our statutes of limitation do not create an arbitrary bar to the recovery of a debt independent of the will of the debtor. If they did a new promise would not avail the creditor unless founded on some new consideration, and in such case the action would have to be brought on the new promise. But our courts have always considered them mere statutes of repose, which suspend the remedy, leaving the debt uncanceled and still binding *in foro conscientiæ.* Hence it is well settled that the debt may be revived and the bar to its recovery removed by a new promise, either express or implied. *Lord* v. *Shaler*, 3 Conn., 132; *Bound* v. *Lathrop*, 4 Conn., 336; *Austin* v. *Bostwick*, 9 Conn., 496; *Belknap* v. *Gleason*, 11 Conn., 160; *Phelps* v. *Williamson*, 26 Verm., 230.

In general any language of the debtor to the creditor clearly admitting the debt and showing an intention to pay it will be considered an implied promise to pay and will take the case out of the statute. *Wooters* v. *King*, 54 Ill., 343; *Gailer* v. *Grennell*, 2 Aiken, 349; *Phelps* v. *Stewart*, 2 Verm., 256. And in this state, an acknowledgment that a debt was once justly due and has never been paid, will ordinarily authorize the triers to infer a promise to pay it. *Sanford* v. *Clark*, 29 Conn., 460.

In the case at bar the promise of the defendant was—" I will pay them " (referring to the debts) " as soon as possible ;" and the question is, whether these words constitute a sufficient acknowledgment to take the case out of the statute, in view of the principles above stated.

The defendant insists that the promise referred to was conditional, and that it cannot avail the plaintiff without proof that it was possible for the defendant to pay.

It seems to us that the words "as soon as possible" are too uncertain and indefinite to amount to a condition. They do not point to any future event capable of proof. It is said they mean "as soon as I am able." This would not help the matter unless we assume that general financial ability is intended, which might be susceptible of proof. But neither the words nor the context require this restricted meaning. If the debtor should have insufficient property to pay all his debts, it would not follow that it was not possible to pay the debt in question. He might do so perhaps by borrowing the money, by some friendly aid, or by his future earnings. The words do not necessarily imply poverty in the promiser; they might with equal propriety be used by a man of wealth, who at the time had no money on hand, but who had debts of large amount due him or who had other estate not at his immediate disposal. What would be possible for one to accomplish must be exceedingly difficult of proof because it must depend so much on his own exertions. Why the debtor used the language in question does not appear. The language may have been understood by both parties at the time as pointing to a speedy payment. If a man of large estate should use the words the creditor would have a right to expect his money very soon, while if used by another they might afford little encouragement. So that if the promise in question was to be considered express we should incline to hold it unconditional. But the language may be construed as an acknowledgment of the defendant's indebtedness to the plaintiff, and as such it clearly admits the continued existence of the debt and implies a willingness, and even a positive intention to pay it; and the words "as soon as possible" do not really restrict or limit the meaning and force of the acknowledgment. On the other hand they are strong words, implying a lively consciousness of obligation, and an earnest purpose to pay the debt.

There are numerous decided cases which afford strong confirmation of the position we have taken.

In *First Congregational Society* v. *Miller*, 15 N. Hamp., 520, the defendant's language was, "that he had not the

money, but would pay as soon as he could," which was held not to be a conditional promise, because there was no certain event to which the words looked forward, and it was held a sufficient acknowledgment to take the case out of the statute.

In *Butterfield* v. *Jacobs*, page 140 of the same volume, the defendant said "he would go to work and would pay as fast as he could," in regard to which the court pronounced a similar opinion.

In *Cummings* v. *Gasset*, 19 Verm, 308, the promise of the debtor was to pay "as soon as I can," and it was held sufficient to remove the bar of the statute.

In *Sluby* v. *Champlin*, 4 Johns., 461, the defendant on being arrested by the sheriff promised to "settle with the plaintiff if he would give him time for payment," which was held sufficient as an acknowledgment.

In *De Forest* v. *Hunt*, 8 Conn., 180, the plaintiff having written to the defendant calling his attention to the fact that he had previously sent his account requesting payment, the defendant replied:—"Yours of the 12th inst. came to hand this day, requesting to know what prospect I have of paying the demands against me. I am extremely sorry to say to you that the prospect, at present, is not very flattering, as it is utterly out of my power to pay anything;" which was held an unqualified and unconditional acknowledgment that the precise balance stated was at that time justly due the plaintiff.

In *Brown* v. *Keach*, 24 Conn., 73, the plaintiff's agent wrote to the defendant, calling his attention to the fact that he was indebted to the plaintiff by note, and the defendant replied:—"Yours of the 24th has been received, and in reply I hardly know what to say; but as you request an answer soon, I will say in return that I can't tell you what I can do at present, but I have been thinking of coming to Woonsocket for some time, but will omit it until I hear from you again. I wish you by return mail to send me a true copy of all the claims that you hold against me in full dates; that is, I want it word for word, and endorsements, &c., and state where your mother and sister are now living, and I will see them or write soon." This was held sufficient to remove the bar.

In *Blakeman* v. *Fonda,* 41 Conn., 561, the debtor said to his creditor—"If you will call in two weeks I will pay you something on the debt; I cannot tell how much;" and the words were held an unqualified recognition of the defendant's liability to pay the whole debt.

There was error in the judgment complained of, and it is reversed.

In this opinion the other judges concurred.