## OMER MILLER *v.* JOSEPH LAMERY.

*Trover for fraudulent note.*

One who has procured the execution and delivery to himself of a promissory note for a fraudulent purpose, cannot maintain trover for its conversion against the maker, who has subsequently obtained possession of the note and refused to redeliver it.

Trover for the conversion of a promissory note for the sum of $200. Heard at the March Term, 1889, Washington County, Royce, Ch. J., presiding, upon the report of a referee. Judgment for the plaintiff for nominal damages and costs. Exceptions by the defendant.

The case appears in the opinion.

*T. R. Gordon,* for the defendant.

This note was given for an unlawful purpose, and was void. *Spalding* v. *Preston,* 21 Vt. 15 ; 3 U. S. Dig. p. 471, s. 1383 and cases cited ; *Dixon* v. *Olmstead,* 9 Vt. 316 ; par. Cont. 380, 381, 382 ; Chit. Cont. 571 ; *Siter* v. *Sheets,* 7 Ind. 132 ; *Stanley* v. *Nelson,* 28 Ala. 519.

It was entirely without value, hence the plaintiff has sustained no injury and is not entitled to nominal damages. 6 Wait, Act. & Def. 146, 128, 151, s. 7 ; *Swift* v. *Mosely,* 10 Vt. 208 ; *Morrill* v. *Goodnow,* 65 Me. 178.

*W. A. Lord* and *John G. Wing,* for the plaintiff.

The plaintiff in this suit does not seek to enforce this note, he merely claims the right to the possession of it. Upon this point the referee finds in his favor.

A contract may be void as to creditors and still have a binding effect between the parties. *Carpenter* v. *McClure,* 39 Vt. 9 ; *Martin* v. *Martin,* 1 Vt. 91 ; *Conner* v. *Carpenter,* 28 Vt. 240 ; *Boutwelle* v. *McClure,* 30 Vt. 676 ; *Hinsdale* v. *White,* 34 Vt. 558.

Miller *v.* Lamery.

The opinion of the court was delivered by

MUNSON, J. The plaintiff had been engaged in the unlawful sale of intoxicating liquor, and the place in which he had carried on the business had been adjudged a common nuisance and ordered closed. He could not reopen his place of business without giving a bond conditioned to secure his observance of the law prohibiting that traffic. To enable him to continue the business without giving the bond, he made a pretended sale of his goods and fixtures to the defendant, and took the defendant's note in pretended payment. The business was then resumed and carried on in the name of the defendant for the benefit of the plaintiff. The defendant was soon prosecuted for making illegal sales. On the day of his trial he procured the note to show to his counsel, and afterwards refused to return it. The plaintiff thereupon brought this suit.

The transaction between these parties was an attempt to evade the requirements of the statute. The note was one of the means devised to further their unlawful purpose. It was executed and delivered to enable the plaintiff to violate the law without incurring the penalty. The law will not recognize a note of this character for the benefit of its payee, nor adjust between the parties to such a transaction any disputes arising from it. When men who have conspired to defeat the law fall out among themselves, it is not the duty of a court of justice to see that one takes no advantage of another. This note can be of no avail to the plaintiff in any form of action. He is not entitled to even nominal damages.

*Judgment reversed, and judgment for defendant.*