## HARRY M. BATES *vs.* OLIVER J. CAIN'S ESTATE.

### October Term, 1897.

Present: Ross, C. J., Taft, Rowell, Munson, Start and Thompson, JJ.

*Possession of Note as Evidence of Payment—Note Given to Establish a False Defense in a Criminal Prosecution.*

The mere production by the plaintiff of a note executed by himself and the defendant as co-makers, and cancelled by the stamp of a bank, is not, even *prima facie*, sufficient to entitle the plaintiff to recover contribution of the defendant.

*Mills* v. *Hyde*, 19 Vt. 59, followed.

The plaintiff and intestate were in fact joint owners of certain real estate the title to which was held by the plaintiff. The plaintiff was prosecuted for permitting the property to be used as a place of resort in connection with the unlawful sale of intoxicating liquors, and defended on the false ground that he held the title only as mortgagee of the intestate. Solely to give color to this defense the plaintiff conveyed the premises to the intestate, and the intestate gave the plaintiff the note now in suit with a mortgage upon the property to secure it. *Held*, that these facts justified the finding of the referee that the note was given solely to establish a false defense in a criminal prosecution, and that there could be no recovery upon the note.

APPEAL FROM PROBATE. ASSUMPSIT. Heard upon the report of a referee at the March Term, 1897, Rutland

County, *Tyler*, J., presiding. Judgment for the defendant. The plaintiff excepted.

*Joel C. Baker* for the plaintiff.

*P. M. Meldon* and *C. A. Prouty* for the defendant.

MUNSON, J.  The plaintiff claims to recover one-half the amount of a promissory note, executed by himself and the intestate, canceled by the stamp of a bank, and produced by him on the trial without other evidence as to the fact or manner of payment.  It is said in II. Greenleaf on Evidence, § 527, that the possession of a security by the debtor, after the day of payment, is prima facie evidence that he has paid it.  It is said in a note, however, upon the authority of *Heald* v. *Davis*, 11 Cush. 319, that this rule does not apply to a possession by one of two joint promissors in an action brought by him to recover of his co-promissor one-half of the amount of such security.  In *Chandler* v. *Davis*, 47 N. H. 463, the reasoning of the Massachusetts decision was rejected as unsatisfactory, and a contrary conclusion was reached, which is probably sustained by the weight of authority.  But the rule of the Massachusetts decision was announced in this State in the earlier case of *Mills* v. *Hyde*, 19 Vt. 59; and while there were facts in that case which might serve to distinguish it from the one at bar, we are inclined to adhere to the reasoning then adopted by our court.  The suit referred to was between co-promissors, and the court said: "If the notes were not destroyed at the time they were taken up, they must necessarily have passed into the hands of some one, and it is not seen why the possession of them by the plaintiff is not as consistent with the supposition that the payment was made jointly by the plaintiff and defendant, as with the idea that it was made solely by the plaintiff."  We hold that the mere production of this note by the plaintiff is not sufficient to entitle him to contribution.

The plaintiff also claims to recover on a note given him by the intestate. In 1883 the plaintiff and the intestate joined in the purchase of a certain building, the title to which was passed to the plaintiff, and remained in him until the transfer hereafter stated. On the twentieth day of April, 1889, the plaintiff was complained of for permitting this building to be used as a place of resort in connection with the unlawful sale of intoxicating liquor. On the twenty-fourth of April, and while this prosecution was pending, the plaintiff conveyed the title of the building to the intestate; and on the following day the intestate mortgaged the property to the plaintiff to secure his note of the same date, which is the one in question. The plaintiff was afterwards tried upon an agreed statement of facts, which declared that the plaintiff was interested in said property only as a mortgagee, and that his previous deed, although absolute in form, was held merely as security. The referee finds that this statement was false, that the plaintiff and the intestate were and had been joint owners of the property, and that both understood the nature of the defence presented by such agreed statement. The referee further finds· that the note was given solely for the purpose of establishing a false defence in the criminal prosecution, if the matters above stated have any legal tendency to establish that fact. We think it is clear that they have. The prosecution then pending against the plaintiff was based upon his ownership of the property. The plaintiff and the intestate executed papers which relieved the plaintiff from the appearance of ownership, and this arrangement was made the basis of a false statement of facts which, to the knowledge of both, was interposed as a defense in such prosecution. The falsity of the statement as to the ownership of the property bore upon the character of the entire transaction, and afforded a sufficient basis for the referee's conditional finding. With that finding sustained, there can be no recovery upon the note. The law will not give the payee

judgment upon a note executed solely for the purpose of establishing a false defense in a criminal prosecution. *Miller* v. *Lamery*, 62 Vt. 116.

*Judgment affirmed.*