HARRY F. WARD
*vs.*
FREDERICK C. HAHN

Superior Court      New Haven County      File No. 54639

MEMORANDUM FILED DECEMBER 12, 1940

*Edward J. Brennan,* of New Haven, for the Plaintiff.

*Alexander Winnick,* of New Haven, for the Defendant.

MUNGER, J. The plaintiff has sued on three notes, each dated December 1, 1923. The first note was due and payable

18 months after date, the second, two years after date, and the third, two years and six months after date. These notes are Exhibits A, B and C. The suit was brought by writ dated February 28, 1938. The statute of limitations is pleaded and a new promise is alleged by the plaintiff. It is obvious that the right of recovery on the notes was barred by the statute of limitations unless the debt has been revised by an acknowledgment or new promise sufficient to remove the bar of the statute.

It appears that the defendant wrote several letters to the plaintiff about this indebtedness, said letters being Exhibits D, E, F and G, in which all of said letters he expressed his regret at being unable to pay his debt to the plaintiff. These letters have been admitted in evidence as significant and in explanation of a letter written by the plaintiff, Exhibit I. This was a letter written March 16, 1932, to the plaintiff and in this letter the defendant again expressed regret that he could not pay the plaintiff for lack of money. The letter states, "If I had it I would let you have it and as soon as I can I will do this." I am of the opinion that this letter is a sufficient acknowledgment to raise a promise to pay the debt. It is certainly impossible to read this letter in connection with the attitude of the defendant as shown by his other previous letters to the plaintiff and ascribe any other meaning to it than an acknowledgment of his indebtedness.

In my opinion this case must be decided for the plaintiff upon the case of *Norton vs. Shepard,* 48 Conn. 141. The headnote reads as follows: "A debtor, whose debt was barred by the statute of limitations, said to his creditor with regard to it—'I will pay it as soon as possible.' Held to be a sufficient acknowledgment of the debt to take it out of the statute. As a general rule any language of the debtor to the creditor clearly admitting the debt and showing an intention to pay it, will be considered an implied promise to pay and will take the case out of the statute." The cases cited in this opinion illustrate the use of language which the court held sufficient to revive the debt and which was precisely the same as that used by the defendant in his letters to the plaintiff and particularly in the letter of March 16, 1932, offered in evidence.

The defendant relies upon the case of *Potter vs. Prudential Ins. Co.,* 108 Conn. 271, and says that any acknowledgment or promise made by the defendant in the instant case was con-

ditional. In my opinion this position is not well taken and the case relied upon does not support the position of the defendant when it is claimed he is not liable for this debt. As before stated, Exhibit I was a sufficient acknowledgment of the debt to take it out of the statute.

The parties have agreed that the amount due is $2,693.63. Judgment may be entered for the plaintiff for such amount.