JAMES HUTCHINSON v. BIGELOW & ALLIS AND TRUSTEE : S. H. SMITH AND OTHERS, Claimants.

### Claimant's right to appeal.

A claimant, who is permitted to appear in a suit commenced by trustee process before a justice of the peace, and maintain his title to the property in the hands of the trustee, is to be regarded as a party to the suit in all matters relating to the merits of the subject in controversy, and is entitled to appeal from the judgment of the justice.

TRUSTEE PROCESS. The suit was commenced before a justice of the peace, and came to the county court upon appeal taken by the claimants, who were admitted to appear before the justice and assert their title to the property in the hands of the trustee. In the county court the plaintiff moved to dismiss the suit, assigning, as cause, that the appeal was allowed to the claimants contrary to law. The county court, January Term, 1851,—COLLAMER, J., presiding,—dismissed the suit. Exceptions by claimants.

Hutchinson *v.* Bigelow & Tr.

*P. Perrin* for claimants.

By the statute the claimant is made a party to the suit; and if a party, then he is entitled to all the rights of a party, including the right of appeal. He may be cited in by the court. He may allege and prove any facts material to his case, and the court may award costs to or against him; and if he cannot have his appeal, the plaintiff and trustee, by collusion, may always defeat and deprive him of his rights by refusing to take an appeal themselves. Rev. St. 191, §§ 16, 17; 192, §§ 18, 19. *McKenzie* v. *Ransom & Tr.*, 22 Vt. 324.

*J. P. Kidder* and *S. M. Flint* for plaintiff.

1. The right of appeal from the judgment of a justice of the peace is given only to the parties to the action. Rev. St. 174, § 45. *Earl* v. *Leland*, 14 Vt. 328.

2. In a trustee process neither the claimants, or trustee, are parties to the action, and neither have, under the general statute, or by the provisions of the trustee act, the right of appeal granted to them; Rev. St. 174, § 45; and see Rev. St. c. 29, § 57, under which this court has repeatedly decided, that the trustee was not a party and had not the right of appeal; *Earl* v. *Leland*, 14 Vt. 328; *Huntington* v. *Bishop*, 3 Vt., 515; 5 Vt. 186; *Baxter* v. *Vincent*, 6 Vt. 614; *Emerson* v. *Paine*, 9 Vt. 271; and see statute of 1842, giving the trustee the right of appeal. Both the claimant and trustee may be regarded as parties in interest; but they are not parties to the action; neither of them can tender a confession of judgment, nor is either of them entitled to a review. *Sanford* v. *Huxley*, 18 Vt. 170.

The opinion of the court was delivered by

KELLOGG, J. It is insisted by the claimants, that the decision of the county court, dismissing the appeal, is erroneous. The decision is based upon the supposition, that persons who appear and are admitted to assert their claims to the funds in the hands of the trustee are not by law entitled to an appeal from the decisions and judgments, which may be rendered by justices of the peace upon their claims,—that the claimant is not in such sense a party to the suit, as entitles him to an appeal. If this be the law, it may, and often will, operate with great severity upon those, whose misfortune it may

XXIII.    64

be, to have to assert their claims to property in the hands of trustees, before justices of the peace and perhaps to the utmost extent of their jurisdiction. If the law does not allow the claimant an appeal, his rights must be concluded by the judgment of the justice, whether right, or wrong, not only in cases where he voluntarily enters as claimant, but also in cases, where he is summoned in to assert and maintain his claim,—which may be done in all cases. But however severely the law may operate upon that class of suitors, if upon examination of the statutes it shall be found, that claimants are not entitled to an appeal, it certainly will not be in the power of this court to relieve them.

The law regulating appeals from the judgments of justices of the peace provides, " that an appeal may be taken by *either party*." Rev. St. 174, sec. 45. Under this provision, granting to parties the right of appeal, it was repeatedly held by this court, that trustees were not entitled to an appeal, and for the reason, that they were not in any sense *a party* to the suit. In consequence of this deficiency in the law, as it then stood, the legislature, in 1842, made special provision, securing to trustees the right of appeal; and the plaintiff insists, that, in relation to the right of appeal, claimants now stand upon the same footing as trustees prior to the statute of 1842, —that they are not entitled to an appeal.

The sixteenth section of the trustee act provides, that if the effects in the hands of any supposed trustee are claimed by any other person, the court may permit the claimant to appear, if he see cause, and maintain his right; and if he does not voluntarily appear he may be summoned in. Section 17 provides, that if any such claimant shall appear either voluntarily, or upon notice given, he may be admitted *as a party to the suit*, so far as it respects his title to the effects in question. Sec. 18 provides, that, upon any trial between the attaching creditor and any other person claiming the same effects, *the principal defendant* may be examined as a witness by *either party*. Sec. 19 provides, that when such claimant is admitted *a party*, the court may, in its discretion, award costs between him on the one part and the attaching creditor and supposed trustee, or either of them, on the other part, as justice may require.

From these references to the statute it will be seen, that the claimant, when admitted to maintain his claim, is recognized as a

party to the suit,—that he may appear voluntarily, or may be summoned to appear and maintain his title,—and that costs may be awarded to or against him, in the discretion of the court.  Hence we think it quite obvious, that the claimant, who is admitted to appear and maintain his title to the property, is to be regarded as a party to the suit.

But it is said, that though the claimant may be regarded as a party, yet it is in a limited sense,—that he is restricted to such matters, as respect his title to the effects in question.   This is unquestionably so; and under this restriction, we apprehend, he would not be allowed to plead in abatement · of the process, or any other dilatory plea, or any plea, which does not go to the merits of the controversy between him and the attaching creditor ; and this was decided in *McKenzie* v. *Ransom*, 22 Vt. 324.  But in all matters relating to the merits of the subject in controversy, we think, he is to be regarded as a party to the suit, and, as such, entitled to all the rights and privileges of other parties litigant.

The claimant, being a party to the suit, comes within the *letter* and *spirit* of the general law, giving the right of appeal, and consequently, in the judgment of the court, was entitled to the appeal, which was allowed him.

The judgment of the county court dismissing the appeal is therefore reversed, and the case remanded to the county court,