———— CARLTON AND ———— MANNING v. GEORGE S. COFFIN, ABRAHAM ADAMS, SHEPHERD ADAMS, PERLEY S. COFFIN AND ALBERT DAY.

*Evidence to prove partnership. Statute of limitations. Partnership.*

To prove that a person was a member of a firm, testimony showing that he had a deed of an undivided portion of their property, and that, with his knowledge, suits at law and in chancery respecting said property were instituted by and in the name of the firm in which he was joined as plaintiff, and that he took an active part in advising about, and in making repairs upon said property, is admissible.

If a partner, who is the agent of the firm for making disbursements, &c., make a payment, as such agent, upon a promissory note previously given by the firm, it will be presumed to have been made out of the partnership funds, and will prevent the running of the statute of limitations against all the partners. Such a payment is to be treated as a, payment by all of the firm on their joint account, and not as that of the paying partner only.

ASSUMPSIT upon a promissory note, dated March 12, 1845, for $385.78, payable on demand, signed, " For the Ludlow Woolen Mill, George S. Coffin, agent." The defendants were described in the writ as " formerly co-partners in the manufacturing business at Ludlow, under the firm and style of the Ludlow Woolen Milll." Plea, the general issue, and the statute of limitations; trial by the court, by agreemnt of the parties, May Term, 1855,—UNDERWOOD, J., presiding.

The plaintiffs put into the case a copy of a deed, from Wm. Sturgess and others to George S. Coffin and Shepherd Adams, dated 21st October, 1843, of about 4 acres of land in Ludlow, with the factory and other buildings thereon; *also* a copy of a deed from G. S. Coffin to Albert Day, dated 15th December, 1843, of two tenths of the Woolen Mill, &c; *also* a copy of a deed from George S. Coffin to P. S. Coffin, same date, of one tenth of said mill, &c; *also* a copy of a deed, Shepherd Adams to Abraham Adams, dated 16th November, 1843, of one-half of his interest in the factory, &c; *also* a bill in chancery, Abraham Adams, Shepherd Adams and Albert Day v. Jacob Patrick filed in the clerk's office, December 18th, 1847, and sworn to by Abraham Adams. The foregoing deeds and bill were offered with other testimony to show that Abraham Adams was one of the partners of said firm, called " Ludlow Woolen Mill." The defendants objected to receiving, but the court admitted them; to which the defendants excepted.

The plaintiffs also put into the case a writ in favor of Abraham Adams, Shepherd Adams, Perley S. Coffin and Albert Day against Warner, Manning and others, for the same purpose, having proved that the said Abraham caused said writ to be made; to the receipt of which the defendants also objected, but the court admitted it, and the defendants excepted.

It appeared from the evidence that the note in suit was given for repairs on the woolen mill, from the fall of 1843 to the fall of 1844; and that in making said repairs, and in advising about the same, Abraham Adams took an active part, and also took an active part in the manufacturing at the mill; but to the testimony going to show Abraham Adams' connection with the same, the defendants objected, but the court admitted it, and the defendants excepted.

The defendants put into the case articles of partnership, signed by Shepherd Adams, George S. Coffin, Albert Day and Perley S. Coffin, professing to be the proprietors of the brick factory at Ludlow, associating themselves under the name of Ludlow Woolen Mill, dated December 16th, 1843; and it appeared that Abraham Adams signed this paper with the others at the time it was executed, but that his name, after two months, was rubbed out for the alleged reason that a bill in chancery was commenced against the Green Mountain Company, charging said Abraham as a partner, and it was thought best that his name should not appear as one of the firm of the woolen mill, until that suit was ended.

It appeared that the said Abraham Adams took an active part, and was engaged in the business of the woolen mill, from December 1843 to 1847, buying wool and attending to repairs, &c.

From the conduct of said Abraham in the business before referred to, the several deeds and papers put into the case, the bill in chancery sworn to by him, and the writ procured by him to be made, the court found that said Abraham was, in point of fact, a partner from the time of the executing of said articles of partnership, until after the signing of the note in suit, and one of the firm of the woolen mill company.

As to the statute of limitations, the plaintiffs put into the case testimony tending to show the general agency of Shepherd Adams in the affairs of the company, and it appeared from the testimony

in the case that he was their agent to make disbursements, &c.; and that on the first day of · June, 1846, he, as agent of the company, made a payment of fifty dollars in money on the note in suit, which was then endorsed on the same ; and thereupon the court rendered judgment for the plaintiffs to recover the balance of said note.

To the admission of testimony by the court as aforesaid, and to the judgment so rendered, the defendants excepted.

*Converse & Barrett* for the defendants.

I. The copies of deeds, bill in chancery, and writs were improperly received.

The deeds and bill in chancery concerned the real estate only, and could furnish no evidence of a co-partnership in the manufacturing business.

II. The testimony did not authorize the conclusion in law,. that the statute bar was removed. The agent, without special authority for that purpose, had no power to acknowledge a debt, so as to remove the statute bar. The making a payment on the note by the defendant himself, is only an acknowledgment; and the legal effect is precisely the same as though the party, instead of making a payment on the note, had acknowledged that it was fairly due.

III. Shepherd Adams was a joint contractor in said note; a payment by him, therefore, was as such joint contractor, and could not affect his fellow contractors; Comp. Stat. 381 §26. Neither could his acknowledgement of the debt have any effect upon the statute as to the other contractors ; Comp. Stat. 380 §22.

*S. Fullam* for the plaintiffs.

The opinion of the court was delivered by

BENNETT, J. The first question in the case is, had the county court competent testimony before them, tending to prove that Abraham Adams was one of the partners of the Ludlow Woolen Mill Company at the time of the execution of the note, which bears date the 12th of March, 1845. We see no objection to the admissibility of any of the evidence admitted by the county court. Its weight was entirely with that court. The evidence went to show that on

the 16th day of December, 1843, all the defendants in this suit, including Abraham Adams, who styled themselves "proprietors of the brick factory in Ludlow," entered into written articles of agreement to transact business under the name of the "Ludlow Woolen Mill," and appointed G. S. Griffin their general agent, and gave him authority to sign notes, &c. Abraham Adams signed this agreement with the others; and the case finds that after the expiration of two months his name was erased from this agreement for the reasons alleged in the bill of exceptions, and the question of fact was whether, notwithstanding this, he continued one of the company in interest, down to the giving of the note in question. The plaintiff was entitled to prove any facts which had a tendency to show a continuation of interest in Abraham Adams in the concern. We see no objection to the proof that Abraham Adams held a deed of an undivided portion of the factory property, followed up with the other testimony. The bill in chancery referred to in the exceptions, was brought in the month of December, 1847, in the name of Abraham Adams and the others, as the alleged owners of the factory, &c; and the bill was sworn to by Abraham Adams. We think the facts stated in the bill, and which may be referred to, had a direct tendency to show a continuing interest in Abraham Adams, in the concern, notwithstanding the erasure of his name from the written articles of agreement.

The writ which was given in evidence was procured by Abraham Adams, and it alleges that all the defendants to this suit were the joint owners of this woolen factory; and the object of the suit was to recover damages done to their factory privileges. We think this was competent proof, equally with the bill in chancery.

The fact that Abraham Adams took an active part in advising about, and in making the repairs upon the mill, for which the note in question was given; and also in the business of the mill, is just what we should expect, if he continued to have a joint interest in the concern; but otherwise, not, unless he was made the agent of the concern, and this was not pretended.

In respect to the plea of the statute of limitation, the fifty dollars was indorsed on the note the first of June, 1846, and the suit was commenced within six years from that date. The exceptions find that Shepherd Adams, one of the company, was their agent for

making disbursements, &c; and that, as agent of the company, he paid the fifty dollars; and the fair intendment is, that it was paid out of the joint funds of the company. This is not to be treated as a case where a payment is made by an individual member of a firm; but it was a payment by the entire firm on their joint account, and out of their joint fund. It is not within the provision of the act, which declares that the payment of one joint contractor shall not affect the liability of the other contractors, so as to deprive them of the benefit of the statute of limitation.

Judgment affirmed.