Hon. PIERPOINT ISHAM, } Assistant Judges.
Hon. MILO L. BENNETT, }

---

R. H. Van Buskirk, *Apt. v.* J. C. Martin *and his trustee* B. D. B. Foster ; L. T. Martin, *Claimant.*

*Appeal.     Trustee process.*

The plaintiff in a trustee suit before a justice, the subject-matter of which is appealable, may appeal from the judgment of the justice in reference to the liability of the trustee, where the principal defendant is defaulted.

Trustee suit, commenced before a justice of the peace and appealed.

Van Buskirk *v.* Martin & Tr.

In the county court, L. T. Martin who had appeared as claimant moved that the cause be dismissed for that " said cause was originally brought before a justice of the peace, and that said principal defendant was defaulted by said justice, and said trustee was discharged by said justice, and this court has no appellate jurisdiction of said cause."

The county court, May Term, 1855,—Peck, J., presiding,— found the facts to be as stated in the motion to dismiss, in reference to the disposition of the cause before the justice, but overruled the motion, to which the claimant excepted.

*J. A. Child* for the claimant.

———— ———— for the plaintiff.

The opinion of the court was delivered by

Redfield, Ch. J.   The question in the present case is whether the plaintiff, in a trustee suit before a justice, where the action against the principal defendant is defaulted, and the trustee discharged, is entitled to an appeal upon the question of the liability of the trustee.

Where the trustee is adjudged liable the statute gives the trustee the right to appeal.   This statute was passed in 1842, in consequence of the decision of this court denying that right to the trustee, (14 Vt. 320.)   But from the first, after jurisdiction in trustee cases was given to justices, the general provision giving either party the right to appeal was held to extend to the question in regard to the liability of the trustee.   And the statute of 1842 was passed to give the trustee the same right of appeal upon the question of his liability which the statute, under the construction of this court, already gave the principal parties to the action.   The statute certainly would have been a very one-sided affair to have extended a right of appeal to the trustee which was denied to the plaintiff, the antagonist party upon that issue.   The words of the statute show this to have been the general purpose and intention of the act, to put trustees, in regard to the right of appeal, upon the same ground as other parties to the suit.   The appeal was allowed to the claimant, by the decision of this court (23 Vt. 504,) upon the

same ground that the parties to the suit had the right to appeal upon the question of the liability of the trustee, and that the statute having made the claimant a party, he was entitled to all the rights incident to the general relation of a party. And the legislature having, by express statute, conferred the right of appeal upon the trustee, it was very obviously their purpose in making the claimant a party to this question, to confer upon him all the rights incident to other parties to this part of the case.

The only question remaining, then, is whether the right to appeal, in this case, is affected by the principal action being defaulted. We think not. That only affects the right of appeal upon that portion of the action. But the issue of the liability of the trustee is a distinct issue, and chiefly between the plaintiff and the claimant, and each has the right to appeal this question when the subject matter of the principal action is appealable, whether it be in fact appealed or not.

Judgment affirmed.