### EDWIN GOODWIN *v.* LUKE BUZZELL.

*Statute of Limitations. Acknowledgment.*

A debtor was summoned as the trustee of his creditor. He denied any liabil-ity to the creditor, and intended to appear and defend the trustee action, but, forgetting the day of trial, was adjudged trustee by default. *Held,* that neither the rendition of this judgment, nor the payment of it by the debtor, was such an acknowledgment of the creditor's claim as would prevent the operation of the statute of limitations.

Statements by a debtor, who, in the same conversation, denies the justness of an account, that, *if the other party would swear to it, he would pay it,* and that *he did not think the account just, but if it was just, he would pay it,* are not such acknowledgments of the debt as will take it out of the statute of limita-tions.

BOOK ACCOUNT. The auditor reported that the plaintiff's account was for a quantity of boxes sold and delivered by him to the defendant, in July and August, 1852, in the State of Maine, where the parties then resided. The auditor found that the defendant was liable to pay the same to the plaintiff unless it was barred by the statute of limitations, by reason of the fol-lowing facts :

From the time the plaintiff's account accrued the defendant at all times claimed that it was wrong. He removed into this state in March, 1854, and has resided here ever since. The writ. in this case was served on the defendant December 2nd, 1859. About the time of the service of the writ the defendant had a conversation with the plaintiff's attorney about this account and claimed that he did not owe it, but added " if Goodwin will

Goodwin *v.* Buzzell.

swear to that account I will pay it." A few days afterwards he said to the same attorney, "I do not think that account is just, but if it is just I will pay it."

After the commencement of this suit the defendant was summoned as the trustee of the plaintiff in an action in favor of one Black against the plaintiff. On the return day of the writ in this trustee suit the defendant appeared before the court to defend against being adjudged liable as the plaintiff's trustee, and the cause was continued until the 14th January, 1861, at which time the defendant did not attend, having forgotten the day of hearing, and was consequently adjudged trustee of the plaintiff by default, in the amount of the plaintiff, Black's, account, which judgment the defendant afterwards paid to Black, amounting to $51.55. This payment of $51.55 the defendant offered in this action as an offset to the plaintiff's account, and by the plaintiff's consent it was allowed in offset.

Upon this report the county court at the June Term, 1861, in Caledonia county, POLAND, CH. J., presiding, rendered judgment for the defendant, to which the plaintiff excepted.

*A. J. Willard*, for the plaintiff.

*J. Ross*, for the defendant.

ALDIS, J. The plaintiff's account is barred by the statute of limitations, unless the alleged part payment or acknowledgements remove the bar. Comp. Stat. p. 379, § 14. Acts of 1854, No. 13.

I. The defendant was sued as the trustee of the plaintiff. He appeared to defend, denying that he was trustee. The case was continued. The defendant forgot the day to which the suit was continued and did not appear, and so judgment passed against him as trustee. He paid the judgment so obtained against him, and now pleads it in offset. Do these facts constitute an acknowledgement of the debt by part payment?

Ordinarily payment of part of a particular debt is an admission that the debt is due; for men do not make payments upon debts that are not due. Payment of a part of a promissory note,

unaccompanied by any fact or circumstance at the time of payment to show that the remainder is not due, implies that the rest of the note is due. So payment of interest is most significant to show that the principal is acknowledged to be due. *Ayer* v. *Hawkins*, 19 Vt. 28 ; *Bradfield* v. *Tupper*, 7 E. L. and Eq., 541.

PARKE, BARON, says "payment of interest is a fact which is evidence of the whole debt being due. It is by implication a promise to pay the debt." The note to this case by the American editors suggests a doubt whether part payment is *conclusive* evidence of a promise ; and cites *Merriam* v. *Bagley*, 1 Cush. 77. That was the case of payment by an insolvent after a discharge of a part of the note ; in which, as with bankrupts, an express promise is required to revive the debt.

We take it that the rule is, where there is part payment of a debt, and no fact or circumstance attending the payment to show that the remainder is not due, then *the law implies* an acknowledgement of the remainder of the debt to be due. But where there is any circumstance connected with the debt or its payment tending to show that the debtor by making part payment did not intend to acknowledge the rest of the debt to be due, then the part payment is to be weighed as evidence merely in connection with all the other circumstances, in order to determine whether the debtor did or did not intend to acknowledge the remainder of the debt. This is the substance of the decision in *Ayer* v. *Hawkins*, in the 19th Vt.

*Davis* v. *Edwards*, 6 Eng. L. and Eq. 520, was the case of a payment by the assignee of an insolvent under the order of the Insolvent's Court, and was held not to be a payment that could bind the debtor as an acknowledgement. The same point has been decided in the same way in Massachusetts ; see *Roscoe* v. *Hale*, 7 Gray 274 ; *Stoddard* v. *Doane*, 7 Gray 387, and 13 Gray 381. "Such payment," Judge BIGELOW well remarks, "being the result of proceedings intended for the relief of the debtor, and in which by paying part he seeks to be discharged from the whole of his debts, it is impossible to torture it into evidence of a new promise." See also *Walker* v. *Butler*, 37 Eng. L. and Eq. 13, decided in 1856.

In ——— v. ———, 4 Mich. 508, it was held that part payment was not acknowledgement if accompanied by any fact or circumstance inconsistent with a promise to pay the remainder.

In the case at bar there is nothing in the payment by the defendant tending to show an acknowledgment of the debt.

1. The report says " the defendant at all times claimed that the account was wrong." If making such claim he had personally paid a part of the account, the payment should be held as an acknowledgement only of so much of the account as he paid. It would be against his intent and unjust to hold him concluded by such payment to an admission of the rest of the debt, when he is at the very time protesting against the debt and his liability to pay it.

2. But payment of the judgment in the trustee process was not payment on this account. 1st, the judgment was not rendered upon the ground of the defendant's admitting a liability for this debt; but upon his denial of all liability by his appearing to defend on the first court day, and finally upon his neglect or forgetfulness in not appearing on the last court day. The defendant has done nothing to admit the account to be due. Even a general judgment by default might well be questioned as amounting to an admission of any particular debt; but however that might be there is here no admission of any debt to be due, but the contrary. 2d. The payment of the judgment was compulsory. The defendant's legal liability was made absolute by the judgment. His forgetfulness of the court day was not such mistake or accident as would entitle him to a new trial. Payment of the judgment therefore was inevitable. It can not be deemed the acknowledgement of any other debt; but only the doing of an act he was under a legal necessity of doing.

3. It was not payment upon this debt, but payment upon a debt against the plaintiff, and thereby creating a legal offset to any claim the plaintiff might have.

The defendant on the trial in this court claimed it not as payment, but as offset; and it was so allowed.

II. The acknowledgements. They do not come within the

rule.   Instead of being clear and unqualified admissions that the debt was due and the defendant willing to pay it, they are substantially denials of those facts.   At least they so qualify the expressions as to rebut all intentions of a promise.   28 Vt. 504 and 642.

A recent decision in Orleans county* having reviewed all our decisions on this subject, and reaffirmed fully the doctrine in *Phelps* v. *Stewart*, in the 12th Vt., we deem any further reference to them unnecessary.

Judgment affirmed.

---

*\*Moore* v. *Stevens*, 33 Vt. 308.