## U. M. CHURCH v. A. B. & F. H. FRENCH.

*Petition under the Fraud, Accident and Mistake Statute. R. L. s. 1428. Trustee, when may Appeal.*

1. The *ad damnum* in a justice writ was $16.00; the defendant failed to appear and was defaulted; the trustee appeared, and disclosed that he was not indebted to the principal defendant, and filed his specification, claiming in offset $32.85; the justice held the trustee for $17.81, and refused him an appeal. On a petition being brought to the County Court, under R. L. s. 1428, *Held*, that the trustee was entitled to an appeal; that a trustee has the same right to an appeal that a party has; and the amount of *his own specification* in offset, and not the *ad damnum* of the plaintiff's writ, may govern his right of appeal.

2. R. L. s. 1428—fraud, accident, &c., construed.

PETITION for an appeal. Heard at the December Term, 1881, TAFT, J., presiding; and petition dismissed. It appeared that the petitionees had brought a suit against one Marsh, and summoned the petitioner as trustee; that the *ad damnum* in the writ was $16; that the defendant did not appear, and was defaulted by the justice; that the petitioner appeared and disclosed that he was not indebted to the defendant, and filed his specification, claiming in offset $32.85, which was made up of the following items: damage quitting work, $20.00; use of horse, $1.00; making shirts and mending, $1.00; cash, $4.50; mending boots, 65 cents; tobacco, 60 cents; store bill, $2.00; syrup, $1.50; overalls and ink, 80 cents; money paid for the defendants, 80 cents. It also appeared that the defendant agreed to work for the trustee for six or seven months at $15.50 per month, the trustee reserving the right to withhold $20 of the wages as damages in case Marsh should quit his service before his time had expired, and that Marsh, after working two months, abandoned him. The trustee claimed the $20. The justice held the trustee for $17.81; and refused to allow him an appeal.

*Norman Paul*, for the petitioner.

The statute giving to trustees the right to appeal from the judgment of a justice of the peace in suits commenced by trustee

Church v. French.

process is separate and independent of those giving the right to parties to appeal from the judgment of a justice. R. L. ss. 174, 175, 196.

It was held in this State prior to 1842, that a trustee could not appeal in any case. In 1842 a statute was enacted giving trustees a right to appeal from the judgment of a justice of the peace in all cases, under the same regulations as were prescribed in ordinary cases of appeal. Laws of 1842, No. 9, s. 4; *Van Buskirk* v. *Martin & Tr.*, 28 Vt. 726.

The statute of 1842 is still in force, unaffected by the act of 1876, No. 64.

*S. M. Pingree*, for the petitionees.

Before the statute of 1842 a trustee was not " a party," and by it was only raised to the level of the other parties, as to the right of appeal. He can appeal only when the case is appealable by the other parties. *Hutchinson* v. *Bigelow*, 23 Vt. 504. So held as to claimant, and in this respect they stand precisely alike. Either trustee or claimant has, as to appeals, the same rights as other parties; neither has greater; and unless the plaintiff and defendant, by reason of the sum involved (for that is the ground here), are by statute allowed an appeal, clearly, those who are only incidentally parties can have no higher right. *Cabot* v. *Burnham*, 28 Vt. 694.

The right of appeal depends upon the presence of one, at least, of three conditions, namely: First, the *ad damnum* in the writ; second, the sum demanded by the declaration; or, third, the amount claimed or balance due, as shown by the specification of the plaintiff on trial, must exceed twenty dollars. R. L. s. 1061.

The opinion of the court was delivered by

ROYCE, Ch. J. This was a petition brought under sec. 1428, Revised Laws, setting forth that the petitioner was deprived of an appeal by accident or mistake, and praying that the judgment rendered against him by the justice of the peace may be reversed and set aside; and that he may be allowed to enter his appeal in the County Court. The petitioner was summoned as the trustee of the principal defendant in the justice suit; and the judgment that

he claimed the right to appeal from was rendered against him as such trustee. The claim that was litigated in determining the question of the liability of the trustee, in connection with the specification filed by him, would have entitled the plaintiff or defendant in that suit to an appeal if the same matters had been litigated in the principal suit; and the only question is whether a trustee has the same right to an appeal that the parties have.

The act of 1842 gives to any person, adjudged trustee in a suit brought before a justice, the right to appeal from the judgment under the same regulations as are prescribed by law in ordinary cases of appeal; and that act has not been essentially changed or modified.

Previous to the passage of that act, it had been held that a trustee was not entitled to an appeal; and the act of 1842 was passed to secure that right.

In *Hutchinson* v. *Bigelow & Allis & Tr.*, 23 Vt. 504, and in *Van Buskirk* v. *Martin and Tr.*, 28 Vt. 726, it is said that where the trustee is adjudged liable the statute gives him the right to appeal.

The right that is secured to the trustee by the act and the above decision is not an unlimited one; but is conditional upon his bringing himself within the regulations prescribed by law in ordinary cases of appeal. What those regulations are has been so frequently and recently indicated in decisions of this court that there can be no necessity for their repetition. There can be no doubt but what the intention of the Legislature was to place trustees upon perfect equality with the principal parties in the matter of giving an appeal from the judgment rendered.

The judgment against the trustee is conclusive, and if suit had been brought against him directly by the principal defendant, upon the facts found, he would have had an undoubted right to appeal from a judgment rendered against him.

We see no reason why, when he is compelled to litigate the same matters as trustee, he should not have the same right. And a proper construction of the act, we think, gives him that right.

The judgment of the County Court, dismissing the petition, is reversed, and the prayer of the petition is granted, with costs.