## AMERICAN EXPRESS CO. *v.* HAZEN M. GRAY.

*Trustee Process. Appeal by trustee.*

Where in a suit before a justice the amount in issue between the principal defendant and the trustee exceeds the sum of twenty dollars, the trustee is entitled to an appeal, although as between the plaintiff and principal defendant alone there could be no appeal.

Petition for an appeal from the judgment of a justice of the peace to the County Court. Trial by court at the December Term, 1886, POWERS, J., presiding. Judgment for the petitioner. Exceptions by the defendant.

The petitioner was an express company organized in New York and doing business in Vermont. The defendant brought suit against one Robinson and trusteed the petitioner. The suit was returnable before a justice and the *ad damnum* was twenty dollars. Upon trial of this suit the principal defendant was defaulted and judgment rendered against him in the sum of $17.64. The petitioner disclosed that it had in its possession a sealed package in shape like those used for sending money by express, marked of the value of one hundred dollars and directed to the defendant Robinson; that the contents of the package were unknown to the company, and that it had no right to open the same; that said package was of the value of one hundred dollars to it. The wife of the defendant Robinson entered as claimant to the whole of the package.

The justice gave judgment against the claimant and adjudged the petitioner liable as trustee to the amount of the judgment against the principal defendant. Thereupon the petitioner prayed for an appeal, which the justice denied.

*Bates & May,* for the defendant.

The statute gives to a trustee the same right of appeal which a defendant would have. R. L. s. 1150.

In this case neither the *ad damnum* in the plaintiff's writ nor the sum demanded by the declaration exceeded $20, hence there was no right of appeal. No. 22, Acts of 1884.

No plea in offset was filed by the trustee, nor was the amount due from it to the principal defendant litigated before the justice.

*L. P. Poland* and *Harry Blodgett*, for the petitioner.

The wife of Robinson, the principal defendant in the justice suit, claimed to own the whole of this package. The plaintiff in that suit, the defendant in this, claimed that the whole package belonged to her husband. Before a judgment could be rendered against the petitioner as trustee, the court must necessarily determine the title to the entire package. The value of this exceeded twenty dollars, hence the trustee was entitled to an appeal. *Church* v. *French*, 54 Vt. 420; *Hutchinson* v. *Bigelow & Allis and Tr.*, 23 Vt. 504; *Van Buskirk* v. *Martin and Tr.*, 28 Vt. 726; *Church* v. *Vanduzee*, 4 Vt. 195; *Conn. & Pass. R. R. R. Co.* v. *Bates*, 32 Vt. 420; *Williams* v. *Mason*, 45 Vt. 372; *Town of Concord* v. *Nat'l Bank of Derby Line*, 51 Vt. 144.

The opinion of the court was delivered by

Royce, Ch. J. In *Church* v. *French*, 54 Vt. 420, it appeared that the petitionees brought suit before a justice against one Marsh, demanding by the *ad damnum* in their writ $16, and summoned the petitioner as trustee. Marsh did not appear and was defaulted. The petitioner did appear and filed a specification in offset against Marsh in the sum of $32.85, which being allowed, he claimed by his disclosure would result in his owing Marsh nothing. The justice held the trustee in the sum of $17.81 and refused to allow him an appeal.

In that case neither the *ad damnum* in the plaintiff's writ, the sum demanded by the plaintiff as owing to him by the defendant, nor the judgment rendered in the plaintiff's favor by the justice, exceeded $20. It simply appeared that *as between the defendant and the trustee*, more than $20 was in issue.

Had suit been brought by the defendant against the trustee to recover the amount which the plaintiff sought to hold by his garnishment, the trustee showed by his plea in offset before the justice that the controversy would have exceeded $20 in amount.

Upon that showing this court decided in *Church* v. *French*, that the trustee was entitled to an appeal, and the contention of the petitioner's counsel in the case at bar that the only question is whether the amount in controversy between the plaintiff and principal defendant in the justice suit exceeds the sum of $20 cannot be acceded to without overruling that case, which we are not disposed to do.

The present case differs from *Church* v. *French*, in that here no plea in offset was filed by the trustee ; but that is not material. The proceedings before the justice demonstrated, so far as they demonstrated anything applicable to the question of a liability on the part of the trustee to the principal defendant, that such liability was for the sum of $100, if anything, and so that any litigation between the principal defendant and the trustee to establish or enforce a liability of the latter to the former would necessarily involve a sum larger than $20. The trustee was therefore entitled to an appeal upon precisely the same ground that it was awarded in *Church* v. *French*.

*The judgment of the County Court is accordingly affirmed, and cause remanded.*