HOWARD & BROWN *v.* H. P. GAMMON AND TRUSTEE AND
CLAIMANT.

January Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, POWERS, and
MILES, JJ.

Opinion filed February 16, 1906.

*Justices of the Peace—Trustee Process—Judgment for Claim-
ant—Appeal—V. S. 1298.*

The ·claimant in a trustee suit, as to the merits of his title to the
credits disclosed by the trustee, is a party to the suit, within the
meaning of V. S. 1298, allowing an appeal from the judgment of
a justice in a civil case by "either party."

The plaintiff in a trustee suit is entitled to an appeal from the judg-
ment of a justice sustaining the claimant's title to the credits dis-
closed by the trustee and discharging the trustee, when the amount
in issue between the plaintiff and the claimant exceeds twenty dol-
lars, though the suit is not appealable as between the plaintiff and
the defendant.

DEBT ON JUDGMENT. Heard at the June Term, 1905,
Windsor County, *Haselton,* J., presiding, on the claimant's
motion to dismiss the appeal for that "neither the *ad damnum*
in plaintiff's writ, nor the sum demanded in the declaration,
nor the specifications or exhibits of plaintiff exceeded the sum
of twenty dollars." Motion overruled. The claimant ex-
cepted.

The *ad damnum* in the writ, and the sum demanded by
the declaration, is twenty dollars; and neither the specifications
nor exhibits of plaintiffs at the trial before the justice exceeded
that sum. The trustee disclosed at said trial that at the time
the original writ was served on him he owed defendant $75.
At said trial, Valeria B. French appeared as claimant of said

fund. Trial was duly had and resulted in judgment that said "claimant is entitled to said fund in the hands of the trustee, and that the trustee be discharged." From this judgment the plaintiffs were allowed an appeal.

*Sanford E. Emery* and *Davis & Davis* for the claimant.

*A. H. Humphrey* and *Stickney, Sargent & Skeels* for the plaintiffs.

Whatever grounds may have existed in support of a motion to dismiss were waived by the entry of a general appearance. *Bennett* v. *Stickney,* 17 Vt. 531; *Huntley* v. *Henry,* 37 Vt. 165; *Mack* v. *Lewis,* 67 Vt. 383.

RowELL, C. J. The question is whether the plaintiff in a trustee suit can appeal from the judgment of a justice sustaining the claimant's title to the credits disclosed by the trustee and discharging the trustee, although the suit is not appealable as between the plaintiff and the defendant, the amount in issue between the plaintiff and the claimant exceeding twenty dollars.

That a trustee can appeal when the amount in issue between him and the defendant exceeds twenty dollars, although the action is not appealable as between the plaintiff and the defendant, has been decided. *Church* v. *French,* 54 Vt. 420; *American Express Co.* v. *Gray,* 62 Vt. 421, 20 Atl. 276. It is said in the *Church* case that it was undoubtedly the intention of the statute to place trustees upon perfect equality with the principal parties in respect of appeals; that if in that case, suit had been brought by the defendant against the trustee directly, the trustee would have had a right to appeal, and that when compelled to litigate the same matter as trustee, he should have the same right, and that a proper construction of the statute

gave it to him.    It is said in the *Express Company* case that the contention that the only question was, whether the amount in controversy between the plaintiff and the defendant exceeded twenty dollars, could not be acceded to without over-ruling the *Church* case, which the court was not disposed to do.

It is said in *Van Buskirk* v. *Martin,* 28 Vt. 726, that it was the purpose and intention of the act allowing trustees to appeal in respect of their liability, to put them on the same ground as the other parties to the suit, and that the act would have been "a very one-sided affair" had it extended the right of appeal to the trustee and denied it to the plaintiff, who litigated the question with the trustee.

The claimant can appeal, because, as to the merits of his title, he is a party to the suit, within the meaning of the statute allowing an appeal by "either party."    *Hutchinson* v. *Bigelow,* 23 Vt. 504.    In the case at bar the claimant could have appealed had the judgment been against her, because the amount in issue between her and the plaintiff exceeded twenty dollars, as that amount was the amount of the plaintiff's judgment, there being funds enough in the trustee's hands to pay that judgment in full; and as said of the act allowing a trustee to appeal, so it may be said of the statute allowing a claimant to appeal, it would be a very one-sided affair to extend the right of appeal to the claimant and deny it to the plaintiff, the party contending against the claimant's title.    Nor can the plaintiff's right of appeal be tested by the right as between the principal parties, any more than the trustee's right can be thus tested.    The intent of the statute is, to put the claimant and the plaintiff on perfect equality in regard to appealing from a judgment respecting the claimant's title, and the test is, the right of appeal as between them, and that right is mutual; if one can appeal, the other can.    This is the only fair con-

struction of the statute. It would take clear language to warrant a different construction.

*Judgment affirmed.*