By the Court :
The evidence that the plaintiffs understood the defendant to be a partner at the time the credit was given, was not offered or admitted to prove the partnership, '[but to, prove that credit was, in fact, given to the defendant Williams. *For this purpose it was clearly admissible. Whether the conduct of the defendant had been such as to authorize this understanding, was a distinct fact, to be proved by other testimony, without which the plaintiff could not recover.
In the case of Aspinwall v. Williams and others, 1 Ohio, 84, this court decided, upon full deliberation, that the agreement between the defendants constituted an immediate partnership; and to that opinion they still adhere. In that ease, too, they adjudged that the note subscribed William Chase & Co. bound the partnership. This opinion is not shaken by the authorities and arguments now urged for the defendant. The rule laid down in Chitty, and upon which the defendant relies, is thus stated: “ Whenever a person draws, accepts, or indorses a bill for himself and partner, he should always express that he does so for himself and partner, or subscribe both the names, or the names of *58 the firm, and that otherwise it will not bind the partner.” This rule is broader than the defendants’ counsel admits. Although neither the individual names of the partners, nor the name of the firm is used, still the partner may be bound if the party signing express that he does so for himself and. partner. There is no set form of words in which this expression should be made; and, where the firm have assumed no name, as in this case, the signing, William Chase & Co. is a clear and sufficient expression, that the note was given for the drawer and his partners, and must bind the firm.
The evidence offered by the defendant of a usage and custom of merchants was overruled, after it was given, because it did not go to establish any such usage or custom as was set up. The witnesses testified only as to their own opinions. A universal usage and understanding among merchants, as in the ease cited from Douglas, is very different from the mere opinions of witnesses, and upon this distinction the testimony was properly overruled. The motion for a new trial must be overruled, and judgment entered on the verdict,†

HoTE by the Editor. — That a partner can not bind a copartner by a bond under seal, see vii. 175, part 2; xi. 223. Power of a partner to bind his copartners generally, see i. 84; iii. 425; v. 514; xiii. 300; xiv. 58, 592. As to what constitutes, and what evidence will establish a partnership, see i. 84; xvi. 166. Eor a late case touching evidence to support a usage or custom, sea xvi. 421.