## MIX *v.* SHATTUCK AND OTHERS.

*Evidence. Effect of a Payment by one Partner to remove the Bar of the Statute of Limitations as to the others.*

To avoid the bar of the Statute of Limitations as to the others by a payment by one of several makers of a joint and several promissory note, it may be shown by parol that the makers were in fact partners when they signed the note, treated the note as a partnership debt, and used the money obtained thereby as partnership funds.

A payment by one of several makers of a joint and several promissory note who were in fact partners when they signed the note, will take it out of the Statute of Limitations as to the others, if the note be a partnership debt, and the payment made out of partnership funds.

ASSUMPSIT on a joint and several promissory note for $600, signed by the defendants, Hiram Shattuck, L. C. Snyder, and A. H. Chesmore, payable to plaintiff or bearer, in one year from date. Chesmore and Snyder made no defence, but Shattuck pleaded the general issue and Statute of Limitations. Trial by jury, April Term, 1877, PIERPOINT, C. J., presiding, and verdict against all the defendants.

There was an indorsement on the note of $36, April 1, 1867, and another of $100, April 1, 1874, and annual indorsements of interest from April 1, 1868, to April 1, 1874, inclusive. It appeared that none of the payments within six years next before suit brought were made by Shattuck personally or by his direction. Plaintiff offered to show by parol that defendants were in fact copartners when they signed said note, and treated it as a copartnership debt, and that the money for which the note was given was used as copartnership funds. To this testimony defendants objected, but the court admitted it; to which the defendants excepted.

Plaintiff's evidence further tended to show, that about the last of May or first of June next after the note was given, defendants formed a copartnership under the name of Snyder, Chesmore & Shattuck, for the purpose of carrying on the lumber business, having before that purchased land together for the purpose of carry-

ing on that business. It appeared that in the fall of 1868, the Legislature incorporated defendants, their associates and successors, by the name of The Forest Mill Lumber Company, for the purpose of manufacturing and selling lumber, shortly after which defendants organized under the charter, and after that carried on the same business as before, under the corporation name ; that all of the property and effects of the old firm were assigned to, and all of its debts and liabilities assumed by, the corporation.

Plaintiff's evidence further tended to show, that Chesmore, who was treasurer, secretary, and a director, and had the custody of the funds of the corporation, made the payment on the note in 1871, out of the joint funds of the corporation, without the knowledge, consent, or direction of Shattuck, other than such as the law would imply from his being a member of the corporation, and president and director in 1871.

Defendant requested the court to charge that even if it was proper to show that defendants were copartners when they signed the note, that by organizing under the charter by a corporate name, they became a new and different person ; that the old firm was dissolved ; that the old firm and the corporation were not the same thing or person ; and that therefore payment by Chesmore out of the joint funds of the corporation would not renew the note against the members of the old firm without their consent.

The court declined to charge as requested, but charged that the corporation was the same as the old firm, and that if Chesmore made payment on the note out of the joint funds of the corporation, and defendants were copartners when they signed the note, and the note was a copartnership debt, then payment by Chesmore took the note out of the operation of the Statute of Limitations as to Shattuck. To the refusal to charge as requested and to the charge as given, defendant excepted.

*A. V. Spaulding* and *W. W. Rider*, for defendant Shattuck.

Parol testimony was not admissible to show that defendants were partners when they signed the note, and that they treated the note as a partnership debt, and used the money for which it was given as partnership funds. It changed the legal effect of

the instrument; and parol evidence is no more admissible to change the effect of a written instrument than to change its phraseology. *Brown* v. *Hitchcock*, 28 Vt. 452 ; *Brandon Manufacturing Co.* v. *Morse*, 48 Vt. 322. As between the payee and the makers of a note, parol evidence is not admissible to show the relation of the signers to each other. The note is the only proof of the contract. *Adams* v. *Flanagan*, 36 Vt. 400.

Defendant's request should have been granted. The old firm was dissolved by the act of the corporators in organizing under their charter and assigning their property and effects to the new corporation, and by operation of law. The old firm was altogether a different concern, legally, from the artificial person— The Forest Mill Lumber Company. There was no legal identity nor continuity between them. Acts of 1868, No 119.

*S. H. Davis*, for the plaintiff.

The testimony objected to was admissible in connection with that showing the incorporation of the firm and the assignment to the corporation of the firm property, and the assumption by the corporation of the firm debts.

Chesmore paid for all the signers of the note, and with their joint funds, and that took the note out of the operation of the statute as to all of them. *Carlton* v. *Ludlow Woolen Mill*, 27 Vt. 496 ; s. c. 28 Vt. 504 ; *Joslyn* v. *Smith*, 13 Vt. 353 ; 2 Greenl. Ev. s. 494, n. 2 ; 2 Parsons Cont. 360, *et seq. ;* Acts of 1868, No. 119 ; *Lyman* v. *Norwich University*, 28 Vt. 560. Partner may pay debts after dissolution of firm. *Torrey* v. *Baxter*, 13 Vt. 452. Such payments may take the case out of the Statute of Limitations as to all. *Sage* v. *Ensign*, 2 Allen, 245 ; *Sanderson* v. *Milton Stage Co.* 18 Vt. 107.

The opinion of the court was delivered by

ROYCE, J. The first exception taken was to the admission of evidence offered by the plaintiff tending to show that the defendants at the time they executed the note declared upon, were copartners, and that they treated the debt created by the note as a partnership debt, and that the money for which said note was

given was used as partnership funds. The evidence was not objectionable as varying the written contract, and, we think, was admissible for the purpose of showing the relation that the makers of the note sustained to each other, and as affecting the rights of the payee of the note resulting from that relation, and the use made by the defendants of the funds which constituted the consideration for the note. The fact stated in the exceptions that the defendants in 1868 procured an act of incorporation, taken in connection with what the case finds was done by them under the charter, seems to be wholly immaterial upon the question of their liability. They carried on the same business as copartners under the corporate name that they, did before the act incorporating them under the firm name. They took all the property and effects of the old firm, and assumed all its debts, and the court was right in holding that the liability of the defendants was the same after organizing under their charter that it was before.

The only remaining question is as to the effect of the payments made by the defendant Chesmore in preventing the running of the Statute of Limitations against the defendant Shattuck. The court made the operative effect of the payments for that purpose dependent upon the finding of the facts that the defendants were copartners at the time the note was signed by them, and that it was a partnership debt, and that the payments made by Chesmore were made out of the joint funds of the corporation. There has been a great diversity of judicial opinion upon the question of the legal effect of part payment by one partner after the dissolution of the partnership in preventing the running of the Statute of Limitations, or removing the statute bar when it has already run against the other partners. Ever since the case of *Whitcomb* v. *Whiting*, Doug. 652, in which it was decided that payment by one is payment for all, the one acting virtually as an agent for the rest, the courts of common law in England have held that payment by one partner after the dissolution of the partnership would prevent the running of the statute or revive the debt against the other partners. The courts in some of the States have adopted the English rule, while others, upon reasons that are quite satisfactory to me, have held that such a payment had no such legal

effect. The Supreme Court in *Joslyn* v. *Smith*, 13 Vt. 353, and in *Wheelock* v. *Doolittle*, 18 Vt. 440, has decided that the English rule is the law upon the subject in this State; and in *Carlton* v. *Ludlow Woolen Mill*, 28 Vt. 504, it was held that a payment such as this appears to have been, is not within the provision of the statute which declares that payment made by one joint contractor shall not affect the liability of the others.

Judgment affirmed.