Thomson, P. J.,
delivered the opinion of the court.
On the 19th day of January, 1895, the appellee took judgment by confession against Seth W. Hathaway and Jerome C. De Armond, upon a promissory note executed by them individually, for $498.86, including costs. Those persons were copartners, doing business under the firm name of Hathaway & De Armond. On the 21, day of February, 1895, the appellee caused execution to issue on his judgment, and had it levied upon a stock of goods and merchandise of the firm. On the following day the appellee commenced *94 suit against the same persons, as individuals, upon another note executed by them, and caused a writ of attachment, issued in the cause, to be levied upon the same stock of goods. Afterwards on the 22, day of March, 1895, certain creditors of the copartnership, who are appellants here, severally commenced their actions against it, and attached the stock upon which the appellee had made his prior levies. The court, upon application of these creditors, ordered them to be made parties plaintiff to the suit in attachment commenced by the appellee. The sheriff, by virtue of the execution issued upon the appellee’s judgment, had advertised the property to be sold on the 28, day of March, 1895. On the day before the proposed sale, the treasurer of the county, having issued a distraint warrant for unpaid taxes, due from the firm, procured an injunction restraining the sale, and took possession of the goods, which he afterwards sold for $1,400, out of which he retained for the taxes due, and costs, $329.35, paying the residue into court, upon an order made directing him to do so. After the sale by the treasurer, and before payment into court, he was garnished by the appellants in respect of the money realized from the sale, and the appellee filed Ms petition in intervention, setting forth the rendition of his judgment, the issue and levy of his execution, alleging that by virtue of his levy he had acquired a lien upon the property taken, which was prior to that of the attaching creditors, and which attached to the surplus M the treasurer’s hands after deducting the taxes, and praying judgment establishing the priority of his lien, and directing 'the payment of the judgment out of the money garnished; also praying the award to Mm of his distributive share as an attaching creditor, out of what might remain after his judgment should be paid.
The appellants answered the petition in intervention, denying any interest of the Mtervenor, in the property attached, or the fund garnished; and alleging that the property seized under the execution was the property of the partnership, and not. the property of its individual members; *95 that their actions were against the partnership, and that the judgment recovered by the intervenor, upon which the execution was issued, was against the individuals composing the partnership.
Upon the hearing, the court adjudged the lien of the intervenor, acquired by his levy under his execution, to be prior to the liens of the subsequently attaching creditors, and ordered his judgment paid out of the money in court. Judgment was also rendered in favor of each of the attaching creditors, against the partnership, for the amount claimed, and an order made directing a pro rata distribution among all those creditors of the surplus remaining after the payment of the intervenor’s judgment. This appeal is prosecuted from the judgment in favor of the intervenor.
The questions discussed involve, for the most part, the relative rights of creditors of the partnership, and creditors of the individual partners, when both resort to the partnership assets for the payment of their respective claims. Before proceeding, however, to a consideration of these questions, we may say that we do not think they have any pertinency to the attachment proceeding instituted by the appellee; because the appellants, by causing themselves to be made coplaintiffs with him in that suit, conceded that the rights which he secured by his attachment were of the same character as those acquired by theirs. The code provides that no final judgment shall be rendered in a cause wherein an attachment writ has been issued, and a levy made thereunder, until the expiration of thirty days after the levy has been made; that any creditor of the defendant may commence proceedings in attachment against him, and, upon application to the court wherein the original action is brought, shall be made a party plaintiff in that action, and have like remedies against the defendant to secure his claim or demand Avith those given by law to the original plaintiff; that the final judgment in the action shall be a several judgment, wherein each creditor, named as plaintiff, shall recover the sum found to be due him, and the amount realized from the *96 attachment proceedings, after all .costs are deducted, shall under the direction of the court, be paid to the several judgment creditors in proportion of the amount of their respective judgments. Session Laws, 1894, pp. 42, 43.
The suit of the appellee was against Seth W. Hathaway and Jerome C. De Armond. The appellants were upon their own motion made plaintiffs with him in his suit; they thus became entitled to like remedies against the defendants with those given by law to the appellee. They acquired the right to share with him the benefits of the attachment; but by taking the action they did, they precluded themselves from asserting any right in the case superior to that of their co-plaintiff ; and after the several judgments were rendered, the only authority which the court had in relation to the avails of the attachment was to order the proportionate distribution of what remained, after payment of costs, among all the attaching plaintiffs. But the judgment which the appellee obtained prior to the attachment, was against the members of the partnership individually, whereas the judgment obtained by the appellants were against the partnership as such; and the contention is that they were entitled to have the partnership property applied first to the payment of their claims, and that the lien of the appellee could hold only such surplus as might remain after their judgments should be satisfied. It may be stated, in general terms, as a well-settled rule, that in the distribution of partnership assets, creditors of the partnership have a preference over creditors of the individuals composing the partnership. But this right of partnership creditors grows out of equities existing between the partners themselves. It is under and by virtue of those equities, and not otherwise, that they may insist upon the right. Because each partner is individually liable for the partnership debts, he is entitled, for his personal protection, to have the firm property applied to their payment; and the right of the firm creditors to have such application made, is only co-extensive with his right. The partners may waive their rights in such manner that they *97 will not be allowed to insist upon them; and in such case the resultant rights of the creditors are extinguished. A sale of the property by the partners would carry their equities. So also, their equities would be subject to rights arising from contracts made by them respecting the property, and to liens with which they might incumber it; and the rights of partnership creditors, being dependent upon those equities, would be affected in like manner, and to the same extent. Bank v. Klein, 64 Miss. 141; Case v. Beauregard, 99 U. S. 119; Smith v. Smith, 87 Iowa, 93; Wilson v. Soper, 13 B. Monroe, 441; Sickman v. Abernathy, 14 Colo. 174; Saunders v. Rielly, 105 N. Y. 12.
And if a sale of partnership property is made, by virtue of an execution upon a judgment for a joint debt of all the partners as individuals, though not a partnership obligation, the equities of the partners are divested, and the purchaser takes an absolute title, free from all claims of partnership creditors. Saunders v. Rielly, supra.
But while a sale, in such case, of the partnership effects, by transferring the title of the partners in the property seized, carries their equities with it, and so extinguishes the right to a preference, of firm creditors, who, prior to the sale, have acquired no liens upon the property, we do not think that the mere levy of an execution or attachment upon the partnership property in favor of creditors of the individuals, would injuriously affect the right of creditors of the partnership. Upon the fact of the levy no waiver of the equities of the partners could be predicated. Acts of waiver must be voluntary; but submission to the levy of a writ is compulsory. It is only where there has been a complete divestiture of their title and possession, that their equities are destroyed by legal process; so that as against the partnership creditors, the levy creates merely a lien upon the interests of the several partners in the partnership property, and those interests attach only to what may remain after the firm debts have been paid. In our opinion partnership creditors *98 levying subsequently, but before sale, would still be entitled to preference in the distribution of the assets.
If there were no question in the case except that of priority between the levy of the execution against the individual partners, and the levy of the attachments against the partnership, we should be disposed to accord precedence to the latter. But we find some evidence in the record which seriously affects the importance of that question in this case. We have given the question some attention, and expressed our views upon it, only because it has been the subject of elaborate and vigorous argument by counsel.
The judgment upon which the -execution was issued was recovered upon a promissory note signed, Seth W. Hathaway, Jerome C. De Armond, executed to D. C. Berry, and by Mm transferred to the appellee. Mr. Berry was a witness, and testified that the consideration of the note was a firm indebtedness to him on account of a patent right sold by him to the firm. He also testified to payments upon the note, aggregating about $1,400, made to him by the firm while he held the paper. The testimony was objected to by the appellants as incompetent, irrelevant and immaterial, and was received subject to the objection. No ruling upon the objection appears in the bill of exceptions. As the testimony was all heard by the court, and the record shows no ruling excluding it, we must assume that it was admitted and considered. But we do not need to rest on assumption only. The first assignment of errors is as follows: “ That the court erred in admitting the testimony of the witness D. C. Berry at the trial of said intervention.” It would seem from this that the testimony was in fact admitted. No question can be made here upon its admission, because the action of the court in receiving it was unexcepted to. But while the proper steps were not taken to bring the question before us for decision, we may venture the observation that in our opinion the evidence was properly received. Prima facie, the note was not the note of the partnership; but the evidence was introduced to show that the transac *99 tion was a partnership transaction, and that the makers, although they signed their individual names, and not the partnership name, to the contract, gave the note for a partnership debt and so incurred a partnership liability. It was not objectionable as tending to contradict or vary the terms of the instrument. The consideration of a contract may always be inquired into, and evidence showing that the consideration of this note was an indebtedness of the makers as partners was competent and proper. Upon this evidence their liability was a partnership liability, and the partnership effects were properly applied in payment of the appellee’s judgment. Trowbridge v. Cushman, 24 Pick. 310; Berkshire Woolen Co. v. J. Juillard, 75 N. Y. 535; Mix v. Shattuck, 50 Vt. 421.
The appellee was a judgment creditor, and as the law provides for no pro rata, or other distribution between judgment creditors and attachment creditors, the lien of his execution, being prior in time to the attachment liens, had legal priority over them, and the judgment awarding such priority must be affirmed.

Affirmed.