[No. 1354.]

GROVE ET AL. v. WALLACE.

1. INJUNCTION—ACTION ON BOND—NO DAMAGE, NO RECOVERY. ·
In an action on an injunction bond, the plaintiff must show that he was damaged before he can recover. If the continuance of the injunction would not have been injurious to him, and if he gained no benefit or advantage by its dissolution, then he is not entitled to recover his expense incurred in securing its dissolution.
2. EXECUTION—RETURN.
The return of an officer on an execution is conclusive against the plaintiff in the execution, and he is estopped from showing a different state of facts than those shown by the return, in any action except a direct proceeding to amend the return.

*Appeal from the District Court of Rio Grande County.*

Messrs. BICKSLER & McLEAN, for appellants.

Mr. IRA J. BLOOMFIELD, for appellee.

WILSON, J., delivered the opinion of the court.

On February 19, 1895, judgment was rendered in the district court of Rio Grande county upon a judgment note in favor of appellee Wallace and against S. W. Hathaway and J. C. DeArmond. On February 21, execution was issued, delivered to the sheriff of Costilla county, and on the same day levied by him upon a stock of goods belonging to defendants, who were doing business in the county as partners under the firm name of Hathaway & DeArmond. On the same day, the sheriff advertised the goods to be sold on March 28, to satisfy the execution. A few days thereafter, appellants began suit in the district court of Arapahoe county against Hathaway & DeArmond on a partnership debt, and caused a writ of attachment to issue to the sheriff of Costilla county, and to be levied on the same stock of goods. About the

same time, appellee Wallace commenced a suit by attachment in the county court of Rio Grande county against Hathaway & DeArmond on another note executed by them. In this suit, other attaching creditors joined. Appellants claimed that their attachment lien was superior to the execution lien of Wallace on the partnership property levied upon, on the ground that the debt owing to them was a partnership debt, and that owing to Wallace was an individual debt. For the purpose of determining this question as to the priority of the lien, they instituted a suit in the district court of Arapahoe county, making the sheriff of Costilla county and appellee Wallace parties defendant thereto, and in aid thereof sued out a writ of injunction, restraining the sale by the sheriff under the execution. On March 27, there was served upon the sheriff, who had custody of the goods, a writ of injunction issued from the district court of Costilla county at the instance of the treasurer of that county, restraining him and the appellee who was a party to this suit from making any sale of the goods, and from interfering with said treasurer in any way in the levy and execution by him of a distraint warrant on the goods in controversy, for taxes assessed against them. Upon the service of this writ, the sheriff delivered possession of the goods to a bailiff appointed by the treasurer. On the next morning, March 28, appellee gave a check to the treasurer's bailiff for the amount of taxes due, and thereupon, it is claimed, the bailiff returned possession of the goods to the sheriff, who then prepared to sell under the notice of sale previously given, when a writ of injunction issued from Arapahoe county at the instance of appellants was served upon him. Thereupon, he stopped all proceedings, restored possession of the goods to the treasurer's bailiff, and returned the execution with the following indorsement:

" I do hereby certify that I have levied upon a stock of goods of the defendants, Seth W. Hathaway and J. C. DeArmond, of the firm name of Hathaway & DeArmond, in the

town of Mosca, county of Costilla and state of Colorado, and that said stock of goods was on the 28th day of March, 1895, taken from me by virtue of a distraint warrant for taxes due Costilla county by A. Choury, county treasurer of Costilla county, Colorado.

"MELITON ALBERTS, *Sheriff*.
By W. H. BREEN, *Under Sheriff*."

The check which appellee Wallace gave for the taxes was upon his own 'bank, and when it was presented, he refused payment. The treasurer immediately sold the goods under his distraint warrant, and realized from the sale about $1400, being about $1,000 more than the taxes due. This sum he afterwards by order of the county court of Rio Grande county paid in to the registry of that court, to abide the result of the attachment suits. In this attachment suit originally commenced by appellee Wallace, all of the attaching creditors, including appellants, were brought in and made parties. Appellee Wallace then intervened as a judgment creditor, claiming that by virtue of his prior judgment and levy he had a prior lien and was entitled to be first paid out of the money deposited in court and received from the sale of the stock of goods. Upon trial, judgment was rendered in favor of the intervenor. Appeal was had to the district court of Rio Grande county, and upon trial there, judgment was again rendered in favor of the intervenor. From this judgment, an appeal was taken to this court, and the judgment was affirmed at the September term, 1897. *Rouse v. Wallace*, 10 Colo. App. 93.

In the mean time, the suit commenced by appellants in which the writ of injunction had been issued was transferred to the district court of Costilla county, where the same coming on for hearing, the injunction was on motion of the defendants dissolved, on October 10, 1895. On February 26, 1896, about four months after Wallace had recovered judgment on his petition of intervention in the district court, this suit was commenced by him to recover on the injunction bond

executed by appellants, for damages claimed to have been suffered by him by reason of its wrongful issuance. Upon hearing, judgment was rendered in favor of the plaintiff for $878, it being for the full amount of the judgment recovered by him against Hathaway & DeArmond, all costs expended by him in said suit, and $100 for attorneys' fees, this last item being claimed as an expense incurred in securing the dissolution of the injunction. Upon a remittitur being sent down from this court in the case of *Rouse v. Wallace*, payment was made to Wallace from the moneys in the hands of the clerk of the amount of the judgment originally secured by him against Hathaway & DeArmond, and which was held to be a prior lien by the judgment in his intervention in the attachment suits. Appellee thereupon filed in this court a supplemental record acknowledging satisfaction of his judgment in this suit, except the sum of $100 claimed for attorneys' fees. This item, therefore, is the only one involved in the determination of this case.

The express object and promise of an injunction bond or undertaking being to secure to the defendant in that proceeding, payment of all costs and damages which may be awarded against the complainant in case the injunction should be modified or dissolved in whole or in part, it follows as a matter of reason as well as of law that even though there might be a dissolution, if there were no damages, there could be no recovery. It is an elementary principle that before the plaintiff in such an action can recover, he must first show damage. If the writ did not prevent the plaintiff from exercising or enjoying any right which he intended or desired to enjoy or if its continuance would not have been injurious to him, and by its dissolution he gained no benefit or advantage, then he suffered no damage. *Bank of Monroe v. Gifford et al.*, 70 Iowa, 580; High on Injunctions, § 1663. Applying this rule to the facts of this case, what do we find? The sale was first stopped by an injunction sued out at the instance of the county treasurer. It is true plaintiff claims that before the time of sale arrived, he had arranged for the settle-

ment of the treasurer's claim, and the sheriff had been restored to the possession which he held under the execution, and that therefore the sale could and would have taken place but for the service of the writ issued at the instance of appellants. Admitting this, and waiving the question raised by appellants as to whether the execution levy had been lost by the temporary loss of possession, was plaintiff damnified? He admitted the prior lien of the claim of the treasurer, and all that he would have been entitled to receive if the sheriff had sold under the execution would have been the satisfaction of his execution out of the balance of the money remaining after payment of the taxes, and the application of the remainder, if any, to the satisfaction of the judgments in the attachment suits. This the record shows has been the result, and there is no evidence whatever upon which to base a contention that the stock of goods would have realized more if it had been sold by the sheriff under the execution than it did realize as sold by the treasurer. In the absence of any proof of this character, we must conclude that he was not damaged by the issuance and service of the writ of injunction and obedience of the sheriff thereto. Again, he seems to have abandoned the prosecution of his rights under the levy of the execution, so far as attempting to sell the property was concerned, and it was upon his motion as intervenor in the attachment proceedings that the treasurer was directed to pay into court the balance realized from the sale of the goods after deducting taxes. This action was taken too by him, as we gather from the record, prior to the order dissolving the injunction.

There is another point in this case, however, which is conclusive of it to our mind, and upon which we mainly rely for our action. It is this: The primary foundation of this suit is the record in the suit in the district court of Rio Grande county wherein this plaintiff obtained judgment against Hathaway & DeArmond, and under execution issued upon which the sheriff was holding the goods when the writ of injunction was served. This execution and the return indorsed

upon it by the sheriff are parts of that record, and by which plaintiff is bound. In this return, the sheriff certified that he levied upon the stock of goods by virtue of the execution, and that possession thereof was taken from him by the county treasurer of Costilla county, by virtue of a distraint warrant for taxes due to such county. No attempt was made by the plaintiff, so far as the record discloses, to have this return amended or corrected, and in such case in an action of this kind, he is in our opinion bound by its recitals and conclusively estopped from showing a state of facts different from that therein set forth. In *Bishop v. Poundstone et al.*, recently decided by this court during the present term, it was said: "Except upon application to vacate or amend, the incorrectness of the return cannot be shown by the officer or by parties or privies to the suit. Freeman on Executions, §§ 365–366." If the goods were taken from the sheriff by the treasurer, then the writ of injunction issued at the instance of appellants was of no effect and wholly unavailing. It did not, nor could it by its continuance, deprive plaintiff of any right, nor prevent the commission by him of any act. There was no necessity, therefore, for the institution by him of any proceedings to dissolve the injunction, and in such case he cannot recover for any costs or expenses incurred therein. The judgment should have been in favor of appellants. The order of this court will therefore be that the judgment be reversed, and the cause remanded with instructions to render judgment in favor of the defendants.

*Reversed.*