## QUEEN CITY PETROLEUM PRODUCTS CO v NORWOOD-HYDE PARK BANK & TRUST CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided Dec 3, 1934

Charles C. Boyle, Cincinnati, for plaintiff.
Nichols, Morrill, Wood, Marx & Ginter,
Cincinnati, for defendant.

## OPINION

By ROSS, J.

This procedure was only warranted by law if at the time of the confiscation of the deposit accounts by the defendant bank, there was due and owing to it from the owners of the accounts absorbed a sum equivalent to or greater than the amounts charged off. In other words, if the $5,000 loan was a personal loan to Dan Donnelly, then the action of the defendant bank was

entirely illegal and the plaintiff is entitled to the relief sought.

If, as claimed now by the defendant bank, the loan to Dan Donnelly was in fact understood by all parties as a loan to the firms whose accounts were absorbed, then the action of the bank was proper and the relief sought by the plaintiff must be denied.

It is unnecessary to go beyond the decisions of our own Supreme Court to ascertain the law applicable to this case.

An individual partner may bind the partnership by executing his own personal note with no reference to the partnership therein contained, if it is understood and agreed by all the interested parties that the personal note is the obligation of the partnership, or if the partnership later having accepted the benefit of the loan unequivocally ratifies the transaction and accepts the burden thereof as a partnership obligation. **Meier & Co et v First National Bank et, 55 Oh St, 446.** At page 459 of the opinion in the Meier Company case, the court say:

"It is conceded, however, that the notes were given in partnership transactions, with the intention of binding the firm, and for considerations which went to its benefit; and it seems indisputable that they created partnership obligations. It is well settled that a partnership debt may be created by the execution of a note by all of the members of a firm, as fully as by one member subscribing the partnership name. Chitty on Bills, pp. 52, 53; Woolen Co. v Juillard, 75 N. Y., 535; Mix v Shattuck, 50 Vt., 421; Austin v Williams, 2 Ohio 61. The adoption of a firm name is largely for convenience in making contracts binding on all the members by its use, thus obviating the necessity of securing the individual assent of, and execution by each of the partners, which, when the members are numerous might not only be inconvenient, but sometimes impracticable."

That the funds borrowed by the individual partner are used for and in the business of the partnership is not in itself sufficient to prove a partnership obligation. **Peterson v Roach, 32 Oh St, 374,** the second syllabus of which is:

"Where a partner borrows money on the credit of his individual note, which is signed also by a surety, such borrowing does not create a partnership debt, though the money be applied to partnership purposes;

and the principal of such surety is the individual partner, with whom he joins in the execution of the note, and not the partners generally."

In **Norwalk National Bank v Sawyer, 38 Oh St, 339,** the first syllabus is:

"Money borrowed by one partner, on his individual credit, will not become a debt of the firm by being used in its business; and the rule is not different where the money was loaned for the purpose of enabling such partner to pay to the firm his portion of a specified sum which each partner had agreed to contribute in order to increase the firm's capital."

**Brown et v Brown, 107 Oh St 228,** syllabus 1:

"Where a partner borrows money on his individual credit from another partner, and later gives a note as evidence of such loan, such borrowing does not create a partnership debt, though the money be applied to partnership purposes."

See also: **McKee v Hamilton, 33 Oh St 7; Valentine v Hickle, 39 Oh St, 19, 27.** Other authorities bear out this rule.

In the case of C. F. Starita Co., Inc. v Compagne Havraise Peninsulaire De Navigation A Vapeur et, 52 Fed. 2nd, 58, it is stated at page 61 of the opinion:

"The obligations of a partnership depend on principles of agency, and "If one partner only is dealt with and the circumstances are such as to show that he was acting and was dealt with on his own account, i.e. as a principal and not as agent of the firm, he alone is responsible." Lindley on Partnership (2d Am. Ed.) Vol 1, p. 430.

"In Wilson v Whitehead, 10 M. & W. 503. A, B, and C, agreed that they should bring out and be jointly interested in a periodical publication. A was to be the publisher and to make and receive general payments, B to be the editor, and C the printer; and, after payment of all expenses, they were to share the profits in the work annually. C was to furnish the paper and charge it to the account at cost prices. No profits were ever made, nor any accounts settled. The plaintiff furnished paper to A, for the purpose of being used by him in printing the periodical. A court, consisting of Abinger, C. B. and Parke, Gurney, and Rolfe, B. B., held that B and C were not jointly liable with A for the price

of the paper, because the other defendants did not authorize A to purchase it on their account. Kilshaw v Jukes, 3 B. & S. 847; Willis v Hill, 19 N. C. (2 Dev. & B.), 231, 31 Am. Dec., 412; Barton v Hanson, 2 Taunt, 49; Smith v Hoffman, Fed. Cas. No. 13061; Barwick v Alderman, 46 Fla. 433, 35 So. 13; Peterson v Roach, 32 Oh St, 374, 30 Am. Rep. 607; Stringer v Stevenson (C.C.A.), 240 F. 892, at page 896; Southern Surety Co. v Plott (C.C.A.) 28 F. (2d) 698, at page 700."

The case of Meier & Co. v First National Bank, supra, is relied upon by the defendants as a leading authority supporting the contention that use of funds alone is sufficient.

Counsel fail to note apparently that the "two of the partners" they speak of in their brief, were all of the partners—there being but two. Recognizing the defect in proof counsel for defendant in their brief say that Dan Donnelly stated at the time the loan was made to him that the loan was a partnership obligation. The record shows that, after objection, the question to which such answer was made was withdrawn. We find nowhere in the record facts sustaining the claim that the loan to Dan Donnelly was a partnership obligation—that it was understood by all the parties interested to be such, that Dan Donnelly had authority to create such partnership obligation, or that the note was later accepted and ratified by the partners as such obligation. The fact that the loan was not paid out of the funds to which the officers of the bank referred is, to say the least, some support of Traylor's statement denying that any such promise was made.

The situation resulting from the action of the defendant bank does not present a favorable appeal to a court of chancery. The bank permitted an individual debtor to continue an obligation until long past due. Ample funds were deposited with it in a partnership account sufficient to satisfy this debt, which it now claims to be such partnership obligation.

It is stated that "good business" forbade earlier forcible collection. Suddenly the bank became alarmed because of judgments against the partnerships. It had in its hands ample collateral to protect the loan of the individual. The accounts of the partnerships were confiscated. The loan was credited with such balances. Upon payment of the balance by the individual the collateral was returned to him. Certainly the partnership should have been subrogated to the collateral at least. The creditors of the partnership were left helpless.

The effect of all this was to make Dan Donnelly a preferred creditor of the partnership. Obviously, his relation was simply that of a creditor loaning money to the firm.

It is claimed that the plaintiff has an adequate remedy at law. Under the circumstances of this case and in view of the peremptory action of the defendant bank, we find such is not the case.

Our conclusion is, that the loan was at all times the personal loan of Dan Donnelly, and was so considered by the bank and Donnelly, and that the action of the bank in charging off the account of the partnerships against his loan was illegal, that the bank still is indebted to such partnerships, and that the prayer of the petition must be granted in so far as the bank has appropriated accounts of the partnership.

HAMILTON, PJ, and CUSHING, J, concur.