## MONTGOMERY v LAWLER

Ohio Appeals, 2nd Dist, Franklin Co

No 2577. Decided Feb 21, 1936

Harry B. Reese, Nelsonville, for plaintiff in error.

R. E. Westfall, Columbus, for defendant in error.

**OPINION**

By BODEY, J.

Counsel for plaintiff states the question presented in this language:

"Does a loan to a partnership for the use and benefit of the partnership, the proceeds of which loan were so actually used by the partnership, made upon the solicitation of the managing partner of said partnership and with the understanding between the managing partner and the lender that it was to be a partnership obligation, become an individual obligation by the mere taking of the individual note of the managing partner as security therefor?"

In arriving at our conclusion we have examined the cases from foreign jurisdictions, cited in plaintiff's brief. We believe that the question may be answered by examining the Ohio authorities. We are of the opinion that such decisions are not at variance with the general rule.

Apparently, this was a trading partnership. The fact that John C. Lawler was designated as the managing partner of the partnership did not in general give him powers not previously possessed but it did serve to limit those powers exclusively to him. 30 O. J., 1063, §76. As a partner he had the right to borrow money for partnership purposes. 30 O. J., 1055, §66. His authority to so borrow was not enlarged by reason of the fact that he was a managing partner. We do not see, therefore, that this allegation of fact that Lawler was the managing partner of the partnership adds to the petition.

It is alleged that this loan, although evidenced by the individual note of one of the partners, was made to the partnership. This can not avail the petitioner. The exact question was considered in the case of **Peterson v Roach, 32 Oh St, 374.** Note the language of the court at page 378 as it was referring to similar averments in the petition there under consideration:

"In so far as these averments may be understood as importing that the loan was made to the firm, or on its credit, and that the plaintiff became surety for the firm, we think they must be regarded as conclusions of law, drawn by the pleader from the facts stated that is, from the facts that the money was borrowed for the use of the firm, and was, in fact, applied to and used in its business transactions. A demurrer does not admit the truth of such conclusions. If they are to be regarded as allegations of fact, they are inconsistent with, and are negatived by, the other averments of the petition; for the notes themselves (copies of which are appended to the petition), in connection with the averments of the petition, evidence a transaction and contract to which the firm was not a party."

The note in the instant case shows that it is an individual obligation. In conformity to the above holding of the Supreme Court, we may not on consideration of this demurrer take as true those facts pleaded which are inconsistent with or repugnant

to the written obligation upon which the plaintiff seeks to recover.

It is also alleged that the proceeds of this loan were used in the partnership business. This of itself does not create a partnership obligation and is not sufficient to authorize a recovery against the partnership or the surviving member thereof. Peterson v Roach, supra; Norwalk National Bank v Sawyer, 38 Oh St, 339; Brown v Brown, 107 Oh St, 228; The Queen City Petroleum Products Co. v The Norwood-Hyde Park Bank & Trust Co., 49 Oh Ap, 397 (19 Abs 243).

We believe that the correct rule is stated in the syllabus of the case of The Queen City Petroleum Products Co. v The Norwood-Hyde Park Bank & Trust Co., supra. The cases herein referred to and others are collected in this opinion. That court held:

"An individual partner by executing a personal note, with no reference therein to the partnership, does not bind the partnership unless it is understood and agreed by all the interested parties that the personal note is the obligation of the partnership, or unless the partnership later, having accepted the benefit of the loan, unequivocally ratifies the transaction and accepts the burden thereof as a partnership obligation."

In the petition now considered, there is no allegation that it was understood and agreed by all of the interested parties that this was a partnership obligation. The interested parties were the two partners and the plaintiff. There is no allegation that this defendant was a silent or a secret partner. The fact that it is alleged that it was understood between the managing partner and the plaintiff that this was a partnership obligation will not fulfill the requirement of knowledge on the part of all persons interested. Neither will the allegation that interest was paid on behalf of the partnership aid the plaintiff to satisfy this particular. There is no allegation in the petition that the partnership accepted the benefit of the loan and thereafter unequivocally ratified the transaction and accepted the burden thereof as a partnership obligation. In the absence of allegations tending to bring the plaintiff within the law as found in the case of The Queen City Petroleum Products Co. v The Norwood-Hyde Park Bank & Trust Co, supra, we hold that the demurrer to the petition was properly sustained by the Court of Common Pleas. Being of such opinion, its judgment is affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.